KURENT ET AL., APPELLANTS, *v.* FARMERS INSURANCE
OF COLUMBUS, INC., APPELLEE.

[Cite as *Kurent v. Farmers Ins. of Columbus,
Inc.* (1991), 62 Ohio St.3d 242.]

(No. 90–1633—Submitted September 18, 1991—Decided December 18, 1991.)

*Benos, Cummings, Mann & Valenti Co., L.P.A.*, and *Wayne F. Benos*, for appellants.

*Christoff, Slater & Zurz, James W. Slater* and *Richard V. Zurz, Jr.*, for appellee.

HERBERT R. BROWN, J.  The sole issue before the court is whether the Kurents are entitled to uninsured motorist benefits under their policy with Farmers for an automobile accident that occurred in Michigan and was caused by a Michigan resident who is insured pursuant to Michigan's no-fault insurance laws.  For the reasons which follow we hold that the Kurents are not entitled to uninsured motorist coverage.

The basis of Farmers' obligation to the Kurents lies in the insurance contract and our analysis begins with an examination of the policy as it

applied when the Kurents entered Michigan and became involved in the accident with Karczewski.

Under Part I—Liability, the Kurents' insurance policy provides:

"An insured person may become subject to the financial responsibility law, compulsory insurance law of [sic] similar law of another state or in Canada. This can happen because of ownership, maintenance or use of your insured car when you travel outside of Ohio. We will interpret this policy to provide any broader coverage required by those laws, except to the extent that other liability insurance applies. No person may collect more than once for the same elements of loss."

The effect of this contractual provision was to provide the Kurents with adequate insurance coverage when they left Ohio and became subject to the laws of a different jurisdiction. The contract's out-of-state provision required Farmers to provide no-fault liability coverage as required by Michigan law while the Kurents were traveling in Michigan. Accordingly, the Kurents received no-fault coverage from Farmers for the Michigan accident. The no-fault benefits consisted of economic damages, which included lifetime medical expenses for their injuries and wage loss during the first three years after the date of the accident, subject to certain restrictions. M.C.L.A. Section 500.-3107.

Central to the dispute is the Kurents' claim for non-economic damages. Under Michigan no-fault laws the Kurents are not entitled to recover non-economic damages unless their claim reaches the threshold level.[1] Accordingly, they seek non-economic damages under the uninsured motorist coverage of their policy.

The uninsured motorist provision of the Kurents' policy provides in relevant part:

"We will pay all sums which an insured person is *legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle* because of bodily injury sustained by the insured person. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.

"Determination as to whether an insured person is *legally entitled to recover damages* or the amount of damages shall be made by agreement between the insured person and us. If no agreement is reached, the decision will be made by arbitration." (Emphasis added.)

---

1. A suit is currently pending in Michigan to determine whether the Kurents' claim surpasses the threshold limit. We make no determination on the extent of the Kurents' damages as that issue is not before us.

The uninsured motorist provision is subject to the following definition and limitation:

"3.   Uninsured motor vehicle means a motor vehicle which is:

"a.   Not insured by a bodily injury liability bond or policy at the time of the accident.

"*  *  *

"d.   Insured by a bodily injury liability bond or policy at the time of the accident but *the Company denies coverage* or is or becomes insolvent." (Emphasis added.)

The policy's language complies with R.C. 3937.18 which requires insurance companies to offer uninsured motorist coverage to Ohio residents.   The General Assembly enacted R.C. 3937.18 to protect Ohio residents from financially irresponsible drivers.   *York v. State Farm Fire & Cas. Co.* (1980), 64 Ohio St.2d 199, 202, 18 O.O.3d 412, 414, 414 N.E.2d 423, 425.   The basic purpose of R.C. 3937.18 is to protect persons injured in automobile accidents from uncompensated losses because a tortfeasor lacked liability coverage.   It is a protection against injury at the hands of irresponsible or impecunious drivers.   It was not intended to provide coverage in every uncompensated situation.   *York*, 64 Ohio St.2d at 202, 18 O.O.3d at 413–414, 414 N.E.2d at 425.   See, also, *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 61–62, 562 N.E.2d 132, 133, fn. 2.   In accordance with this intent we have previously held that an injured person is not entitled to uninsured motorist coverage where the *insured* tortfeasor-motorist is immune from liability pursuant to statutory immunity.   In *Webb* we stated that an insurance company must be able to assert the same defenses as the uninsured driver.   *Id.* at 64, 562 N.E.2d at 135.

The Kurents' claim for uninsured motorist coverage is determined by their contractual relationship with Farmers.   Under the contract the Kurents must show (1) Karczewski's vehicle was uninsured and (2) they are legally entitled to recover from him.

The Kurents claim they satisfied the policy and statutory definition of an uninsured vehicle in that AAA "denied coverage" based on the fact that the Kurents' injuries did not rise to Michigan's threshold level.   Farmers, on the other hand, maintains that AAA did not deny coverage to the Kurents because they were not "legally entitled to recover" non-economic damages.

We agree with Farmers.   According to Ohio law, the phrase "legally entitled to recover" means the insured must be able to prove the elements of his or her claim.   *Sumwalt v. Allstate Ins. Co.* (1984), 12 Ohio St.3d 294, 12 OBR 368, 466 N.E.2d 544, at syllabus.   The amount of damages is one element

of the claim the Kurents must prove. Further, uninsured motorist coverage is dependent on the uninsured motorist's legal liability to the injured person. See *York*, 64 Ohio St.2d at 202, 18 O.O.3d at 414, 414 N.E.2d at 425. Therefore the Kurents are only entitled to recover damages which Karczewski is legally liable to pay.

Michigan law determines Karczewski's legal liability to the Kurents. He is a Michigan resident and the accident occurred in Michigan. A motorist traveling in Michigan accepts Michigan law as it pertains to accidents occurring in Michigan. That motorist does not have the option, for example, of claiming that Ohio's speed limit or traffic laws govern simply because the motorist resides in Ohio. The notion that Ohio law somehow controls the amount of damages flowing from torts committed on Michigan highways is akin to a contention that a Michigan resident who commits murder in Ohio is exempt from the death penalty because Michigan does not recognize capital punishment.

Under Michigan law, the Kurents have not proved all the elements of their claim against Karczewski because they have not shown non-economic damages beyond the threshold level. Therefore, the Kurents are not "legally entitled to recover" from Karczewski and may not collect uninsured motorist coverage for their claim against him.

Our decision to apply Michigan tort law to the underlying accident is consistent with the Restatement of the Law of Conflicts approach we adopted in *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 341–342, 15 OBR 463, 465–466, 474 N.E.2d 286, 288–289. Specifically, Section 146 of 1 Restatement of the Law 2d, Conflict of Laws (1971) 430, creates a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. Comment *d* to Section 146 emphasizes that the state in which both the conduct and the injury occur has the dominant interest in regulating that conduct, determining whether it is tortious in character, and determining whether the interest is entitled to legal protection. *Id.* at 431.

Section 145 of the Restatement of the Law of Conflicts 2d, *supra*, at 414, sets forth factors to determine whether one state has a more significant relationship to the lawsuit. These include the place of injury, the place where the conduct causing the injury occurred, the residence or place of incorporation and/or business of the parties, and the place where the relationship between the parties is centered.

The Kurents argue that these factors weigh more heavily in favor of Ohio's interest. They urge that Ohio's policy to fully compensate injured drivers for non-economic damages, regardless of amount, must apply to an Ohio contract

between two Ohio parties. Essentially their argument is that even though Michigan tort law applies to the actual accident, Ohio tort law should be applied to the accident for purposes of determining uninsured motorist coverage. They argue that Michigan's interests are unaffected by any decision we reach today because Michigan law will still protect its resident, Karczewski, from liability. Their position is that if they are not allowed to recover for non-economic damages under their uninsured motorist provision, they will have been deprived of the uninsured motorist protection for which they paid and which Ohio law requires.

We are not persuaded that Ohio's interests are sufficient to override the presumption that the place where the injury occurred determines the rights and liabilities of the parties. The Kurents are only entitled to uninsured motorist coverage when they are injured by an uninsured motorist. Since Karczewski is not an uninsured motorist, they have not been denied their uninsured motorist benefits and R.C. 3937.18 has not been violated.

Secondly, the Kurents overlook Farmers' subrogation rights under the insurance contract.[2] The relevant provisions of R.C. 3937.18 and the insurance contract recognize Farmers' right to proceed directly against the uninsured motorist after paying uninsured motorist coverage.[3] As the subrogee, Farmers stands in the Kurents' shoes and can only assert claims against Karczewski that the Kurents can assert. See *Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 29–30, 521 N.E.2d 447, 455. The Kurents have no claim against Karczewski to which Farmers can be subrogated. To hold that Farmers must pay uninsured motorist coverage to the Kurents in the absence of subrogation rights would be contrary to the intent which underlies R.C. 3937.18. Further, such a holding would deprive Farmers of rights for which it contracted.

Accordingly, we hold that when an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal

2. Under Part V—CONDITIONS, the insurance policy specifies:
"5. OUR RIGHTS to Recover Payment
"In the event of any payment under this policy, we are entitled, except where prohibited by law, to all the rights of recovery of the person to whom payment was made against another. * * *"

3. R.C. 3937.18(E) provides in relevant part:
"In the event of payment to any person under the coverages required by this section and subject to the terms and conditions of such coverages, the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or death for which such payment is made * * *."

right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws. Where the no-fault state does not recognize a claim against the tortfeasor-motorist, the Ohio insured is not entitled to collect uninsured motorist benefits from his own insurer.

For the above-stated reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., HOLMES and WRIGHT, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I respectfully dissent from both the analysis employed by the majority and the result reached in this case. First, a majority of this court once again permits an insurance company to use the immunity granted to a *tortfeasor* in order to avoid liability to its insured on an insurance contract for which premiums have been paid. This is egregiously unfair. In *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 562 N.E.2d 132, the same majority ruled that an individual's own insurance company, whom he had contracted with and paid premiums to, could utilize a tortfeasor's immunity under the workers' compensation laws to escape its liability under the uninsured motorist provision of the policy. The tortfeasor in the present case, as in *Webb*, was relieved from liability by operation of an immunity granted by statute to serve a higher public policy. The single difference between this case and *Webb* is that here, the immunity stems from Michigan's no-fault insurance laws.[4] In *Webb* the immunity was part of the workers' compensation laws, *i.e.*, the fellow-employee immunity doctrine granted by R.C. 4123.741. Yet the result of the majority's holding in each case is the same: an insurance company is permitted to employ an immunity granted to an individual who was at fault, allowing the insurance company to avoid paying benefits under a policy for which it collected premiums.

A second problem created by the ruling in this case is that it actually subverts the public policy sought to be advanced by compulsory automobile insurance. Consider the following example: The Kurents are involved in an accident in Michigan proximately caused by a Michigan resident who has no liability insurance. The Kurents file a claim with Farmers pursuant to the

---

4. The majority opinion correctly sets forth the basic premise of Michigan no-fault insurance. Under M.C.L.A. Section 500.3135, tort liability is abolished for ordinary injuries arising from car accidents. In effect, this is the same as creating a statutory immunity in favor of a tortfeasor for injuries that do not rise above the threshold. In other words, the victim may not sue the tortfeasor directly if the injuries fall below a statutory threshold. Instead, the victim pursues recovery from his or her no-fault insurance carrier.

uninsured motorist coverage of their policy. Under this scenario, the tort-feasor is an uninsured motorist and would not be entitled to the immunity granted by Michigan's no-fault laws. See *Stephenson v. Associated Gen. Ins. Co.* (1985), 148 Mich.App. 1, 384 N.W.2d 62; *Aetna Cas. & Sur. Co. v. Collins* (1985), 143 Mich.App. 661, 373 N.W.2d 177; *Jones v. Detroit Automobile Inter–Ins. Exchange* (1983), 124 Mich.App. 363, 335 N.W.2d 39. Hence, Farmers would be required to pay the full measure of damages suffered by the Kurents under the uninsured motorist coverage of the policy. However, according to the majority's decision today the Kurents may recover only a portion of their total loss, solely because the tortfeasor had purchased an automobile liability insurance policy. This result is unfair because a person who purchases uninsured motorist coverage will actually be better off if struck by an uninsured motorist than by an insured motorist.

Furthermore, the majority opinion is confusing as to whether this case presents a conflict-of-laws issue. The trial court applied an interest analysis and resolved the issue by holding that Ohio law should be applied. The court of appeals ruled that the trial court erred in employing a conflict-of-laws analysis because there was no conflict, but then went on to employ the Michigan no-fault laws. The majority opinion purports to decide the case on grounds unrelated to a conflict-of-laws analysis, but refers to such an analysis by stating that "[o]ur decision to apply Michigan tort law to the underlying accident is consistent with the Restatement of the Law of Conflicts approach * * *." The question becomes whether this case involves a conflict-of-laws issue. Examination of R.C. 3937.18 presents a negative answer.

R.C. 3937.18 states in pertinent part:

"(A) No automobile liability or motor vehicle liability policy of insurance * * * shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage * * *

"(2) Underinsured motorist coverage * * *."

The clear effect of the above language is that every automobile insurance contract issued in the state of Ohio must provide uninsured motorist coverage.[5] There is no conflict-of-laws issue because an insurance company must comply with Ohio law when issuing a policy of insurance in Ohio on an Ohio vehicle. In other words, an insurance company violates the requirement of Ohio law that it provide uninsured motorist coverage whenever it *issues* a

---

5. Under R.C. 3937.18(C), the insured may reject uninsured and underinsured motorist coverage. No other means of excluding such coverage are allowed by the statute.

policy that lacks or attempts to exclude such coverage on an automobile registered or principally garaged in Ohio. The holding of the majority allows an insurance company to completely circumvent the clear mandates of R.C. 3937.18 simply because an Ohio resident travels out of state. Given the amount of interstate travel today, such a ruling can have calamitous ramifications for Ohio residents.

Equally puzzling is the majority's reliance on certain language in the policy for its conclusion that the "out-of-state provision required Farmers to provide no-fault liability coverage as required by Michigan law while the Kurents were traveling in Michigan." As noted above, the insurance contract must first and always comply with Ohio law. The fact that motorists frequently travel out of state does not change this requirement. More important, however, the ambiguous policy language relied upon by the majority is in the liability section of the policy. Under any fair reading, the language used cannot logically be interpreted in the manner done so by the majority.

The pertinent language in the policy is as follows:

"Out of State Coverage

"An insured person may become subject to the financial responsibility law, compulsory insurance law of [*sic*] similar law of another state or in Canada. This can happen because of ownership, maintenance, or use of your insured car when you travel outside of Ohio. We will interpret this policy to provide any broader coverage required by those laws, except to the extent that other liability insurance applies. * * * "

This provision is in the liability section of the contract, not the uninsured motorist section. Yet the majority applies it to a claim for uninsured motorist coverage. Additionally, the operative words of this provision cause confusion when applied to this case. The clause "[w]e will interpret this policy to provide any broader coverage required by those laws" is interpreted by the majority instead as limiting the coverage available under the policy. Such a reading of this language defies logic.

Turning to the appropriate legal analysis of this case, the majority's examination and application of Ohio law are inadequate at best. Generally, in order to recover benefits under uninsured motorist coverage a claimant must meet two prerequisites: first, that the tortfeasor's vehicle was uninsured and, second, that the claimant is legally entitled to recover from the tortfeasor. With respect to the first condition, *i.e.*, whether the tortfeasor's vehicle is uninsured, the majority fails to mention, let alone consider, R.C. 3937.18(D). R.C. 3937.18(D) was presumably enacted with a legislative purpose, and it is the duty of this court to examine this provision when determining whether a vehicle is uninsured. R.C. 3937.18(D) states as follows: "For the purposes of

this section, a motor vehicle is uninsured if the liability insurer denies coverage * * *."

In the present case, Farmers argues that the tortfeasor's insurance carrier never denied coverage because the Kurents were not legally entitled to recover from the tortfeasor. This assertion merges the two prongs of analysis. The majority recognizes the dichotomy of the test, yet in accepting Farmers' argument it ignores the first inquiry. Moreover, when an insurer is faced with a claim for benefits under uninsured motorist coverage and refuses to pay on the claim, there is for all intents and purposes a denial of coverage. The very essence of any insurance claim is to seek money as compensation for a loss. Whether coverage is excluded by the contract or precluded by operation of law is of no consequence to the claimant. The bottom line is that there is a denial of coverage which triggers the application of R.C. 3937.18(D).

As noted above, the Kurents must also establish that they would be legally entitled to recover from the tortfeasor in order to succeed on their uninsured motorist claim. Unfortunately, the decision in *Webb, supra,* is dispositive. On this issue, I adhere to my dissenting opinion in *Webb* and thus reaffirm the reasons why I believe *Webb* was incorrectly decided.

In effect, the majority holds that when an Ohio resident enters another state, his or her automobile insurance contract changes and is governed by the law of that state. This conclusion is undeniable given the majority's ruling that the out-of-state provision in the Kurents' policy requires Farmers to become a no-fault insurer. This is troublesome because we are dealing with an Ohio resident purchasing a policy issued in Ohio which must conform to Ohio law. An Ohio resident is held to know Ohio law when entering into an insurance contract in this state. However, the majority essentially requires the insured to know the insurance and tort laws of every state through which the insured might travel. More important, I seriously question whether an automobile insurance policy may circumvent the mandatory uninsured motorist provisions of R.C. 3937.18. For all of the above reasons, I dissent.

SWEENEY and DOUGLAS, JJ., concur in the foregoing dissenting opinion.