**LEVARIO et al., Appellants,**

**v.**

**MOTORISTS MUTUAL INSURANCE COMPANY, Appellee.**

[Cite as *Levario v. Motorists Mut. Ins. Co.* (1996), 109 Ohio App.3d 451.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–95–025.

Decided Feb. 16, 1996.

*Joseph Albrechta* and *John Coble,* for appellants.

*Robert Bahret* and *Keith Watkins,* for appellee.

ABOOD, Judge.

This is an appeal from a summary judgment of the Sandusky County Court of Common Pleas which found that appellee Motorists Mutual Insurance Company ("Motorists Mutual") is not required to provide uninsured motorist coverage under the "hit and run" provision of its auto insurance policy with appellants for injuries incurred by them while operating their motor vehicle in Michigan.

Appellants set forth the following assignments of error:

"Assignment of Error No. 1:

"The trial court erred in failing to apply the law of the state of Michigan to the underlying tort issues herein.

"Assignment of Error No. 2:

"The trial court erred in granting summary judgment, as the plaintiffs presented ample evidence that they were injured due to the negligence of an unknown, and thus uninsured, motorist.

"Assignment of Error No. 3:

"The trial court erred in applying the Ohio definition of 'physical contact,' which is unfairly prejudicial, in violation of public policy, has no connection with discouraging fraudulent claims, and must therefore be redefined."

The facts that are relevant to the issues raised on appeal are as follows. On September 15, 1990, Rudy and Pauline Levario were driving northbound on I–75 in Oakland County, Michigan, when a metal object which had been struck by a car in front of them flew through their windshield and injured Pauline. The object was later examined and identified as a broken piece of a single leaf spring from a tractor-trailer suspension system. On September 15, 1993, appellants filed a complaint for declaratory judgment in which they sought a determination by the trial court that they are entitled to uninsured motorist coverage for Pauline's injuries. Appellants alleged that the object which hit Pauline "had [fallen] off a vehicle which was negligently and carelessly maintained." On

September 30, 1993, appellee submitted an answer and counterclaim for declaratory judgment in which it alleged that since appellants' vehicle did not come into contact with an uninsured motor vehicle and the alleged uninsured motor vehicle operator was not negligent, there was no uninsured motor vehicle operator from whom appellants were legally entitled to recover.

On October 5, 1994, appellee filed a motion for summary judgment in which it asserted that (a) appellants had not presented evidence that demonstrated that they would be legally entitled to recover from an unidentified tortfeasor who was the owner or operator of an uninsured motor vehicle, and (b) appellants had not demonstrated that there was "actual physical contact" within the meaning of appellants' policy between Pauline and the vehicle driven by an unidentified or hit and run motorist. On October 21, 1994, appellants voluntarily dismissed their complaint. Appellee's counterclaim for declaratory judgment remained pending, however, and appellee requested a ruling thereon from the court. On February 15, 1995, appellants refiled their complaint and filed a memorandum in opposition to appellee's motion for summary judgment. In their memorandum in opposition to summary judgment, appellants responded that (a) they had produced evidence which demonstrated that the metal object was a leaf spring which came off a vehicle while that vehicle was in operation, (b) they had presented evidence that they are legally entitled to recover due to the negligence of the unknown owner or operator of the truck which lost the leaf spring, and (c) under the law of Michigan, the facts of this case demonstrate "physical contact" sufficient to invoke coverage under the uninsured motorist provision of appellants' policy.

On April 19, 1995, the trial court filed a judgment entry in which it found that (1) appellants had produced no evidence that the leaf spring came from an unidentified moving vehicle or that the object had not exhausted its momentum when the car directly in front of them hit it, (2) that appellants had presented only a "possible inference" that the leaf spring had just broken off of a passing truck, and (3) that there was "no evidence before this Court that there was a vehicle from which the leaf spring either broke or fell or that the leaf spring was still in motion." In arriving at its decision, the trial court cited several Ohio cases which analyzed the "physical contact rule" as it applied to the hit-and-run language of the uninsured motorist provision of insurance policies similar to the one in this case. Accordingly, the trial court granted appellee's motion for summary judgment and dismissed appellants' complaint.

Appellants assert in their first assignment of error that the trial court erred by failing to apply Michigan law to the underlying issue of whether they are, in the language of their policy, "legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury." Appellants assert that a

motorist traveling in Michigan accepts the Michigan law as it pertains to accidents occurring in that state.

Under appellants' first assignment of error, the question before this court is whether the trial court erred when it used Ohio law to determine if there was a tortfeasor from whom appellants were legally entitled to recover for the injuries caused by the metal object that came through their windshield.

"Uninsured motorist coverage is dependent on the uninsured motorist's legal liability to the injured person." *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 246, 581 N.E.2d 533, 536, citing *York v. State Farm Fire & Cas. Co.* (1980), 64 Ohio St.2d 199, 202, 18 O.O.3d 412, 413–414, 414 N.E.2d 423, 425. When, as in this case, an insured Ohio resident is injured in an accident in another state, the question of which state's law should be applied to determine the existence of any legal liability arises. In *Kurent,* the Ohio Supreme Court rejected the proposition that, for purposes of determining uninsured motorist coverage under an Ohio contract of insurance, Ohio law should be applied to tortious conduct which occurs in another state. In *Kurent,* Ohio residents were injured by a Michigan driver while traveling in Michigan. The Michigan driver's insurance company denied the Ohio residents' claim for coverage based on Michigan law, which requires that noneconomic damages be established beyond a specific threshold limit before liability attaches to the tortfeasor. The Ohio residents' insurer then denied uninsured motorist coverage, asserting that Michigan tort law must be used to determine whether the insureds were legally entitled to recover from the tortfeasor. In reaching its decision to apply Michigan tort law to determine if there was a tortfeasor from whom the claimant was legally entitled to recover, the *Kurent* court cited the approach adopted in *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 341–342, 15 OBR 463, 464–466, 474 N.E.2d 286, 288–289, which was based on 1 Restatement of the Law 2d, Conflict of Laws (1971) 430, Section 146, and creates a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. The *Kurent* court referred to Comment *d* to Section 146, which "emphasizes that the state in which both the conduct and the injury occur has the dominant interest in regulating that conduct, determining whether it is tortious in character, and determining whether the interest is entitled to legal protection." *Kurent,* 62 Ohio St.3d at 246, 581 N.E.2d at 537, citing the Restatement of Conflicts at 431. Under Section 145 of the Restatement, factors to be used to determine whether one state has a more significant relationship to the lawsuit than another include the place of injury, the place where the conduct causing the injury occurred, the residence or place of incorporation and/or business of the parties, and the place where any relationship between the parties is located. The *Kurent* court concluded that Ohio's interests

were not sufficient to override the presumption that the place where the injury occurred determines the rights and liabilities of the parties and stated that "[a] motorist traveling in Michigan accepts Michigan law as it pertains to accidents occurring in Michigan." *Id.*, 62 Ohio St.3d at 246, 581 N.E.2d at 536.

Upon consideration of the foregoing, this court finds that the trial court erred by using Ohio rather than Michigan law to determine whether there was a tortfeasor from whom appellants were legally entitled to recover for the injury caused by the metal object that came through their windshield. Accordingly, appellants' first assignment of is error well taken.

In light of this court's finding that the trial court's application of Ohio law was in error, appellants' second assignment of error as to that court's decision granting summary judgment and their third assignment of error as to the application of Ohio law for the definition of "physical contact" are found moot.

On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Sandusky County Court of Common Pleas is reversed. This cause is remanded to the trial court for reconsideration of appellee's motion for summary judgment in accordance with this opinion. Costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK, P.J., and GLASSER, J., concur.