I concur in the majority's disposition of appellant's first assignment of error. I write separately only to clarify my reasons for so doing.
I think it important to note why I disagree with the result reached by the trial court.
In support of its decision that Ohio contract law does not apply to the interpretation of the subject insurance policy, the trial court first cites the following language of the Ohio Supreme Court in Kurent v. Farmers Ins. of Columbus, Inc. (1991), 62 Ohio St.3d 242
:
 "We are not persuaded that Ohio's interest are sufficient to override the presumption that the place were the injury occurred determines the rights and liabilities of the parties." (Id. at 247, emphasis added).
The Kurent court focused its attention on the meaning of the term "legally entitled to recover". In applying Michigan tort law to the case, the Ohio Supreme Court found the plaintiffs did not prove all the elements of their claim against the defendant because they had not shown non-economic damages beyond the threshold level. Therefore, the Supreme Court reasoned the plaintiffs were not legally entitled to recover under Michigan tort law. Id. at 246. The Supreme Court determined Ohio's interests were insufficient to override the presumption that the place of injury determines the rights and liabilities of the parties. The Supreme Court's reference to "rights and liabilities" was made with the respect to whether a legally cognizable claim for damages existed, not what should be applied to determine the extent of coverage if such a claim was found to exist.
In contrast to Kurent, appellees herein were legally entitled to recover from the tortfeasor under the law of the place of injury. Pennsylvania law determined the rights and liabilities of the parties as to issue of whether appellees were legally entitled to recover. Contrary to the trial court's analysis, I find the language relied upon by the trial court in Kurent fails to address the issue of what law is to be applied when considering the extent of coverage available.
Second, the trial court seems to find support for its decision from the fact the policy fails to define "due by law" or otherwise specifically delineate which law applies in determining the extent of available coverage. Any ambiguity inherent in the phrase "due by law" merely allows the trial court (and this Court) to engage in a choice of law analysis. The ambiguity does not serve to dictate the result of that analysis.
I agree with the majority that contract law, not tort law, determines the extent of coverage available to appellees. I further agree the decision as to which state's law applies is governed by the factors set forth in Restatement of the Law2d., Conflict of Laws (1971), Sections 188 and 193, as well as comments (b), (b) (2) and (c) of Section 193. In applying those factors, I conclude, as does the majority, that Ohio law should be applied to determine the extent and nature of coverage available.
Having so determined the applicable law to be applied is that of Ohio, I would remand the matter to the trial court to determine the remaining issues. In that the majority chooses to address those issues in its disposition of appellant's second and third assignments of error prior to the trial court rendering a decision with respect thereto, I respectfully dissent.
 ________________________________ JUDGE WILLIAM B. HOFFMAN
 JUDGMENT ENTRY
CASE NOS. 197CA00283 and 1997CA00289
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.