[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellees, Sandra Leeper, as parent and natural guardian of James Leeper, a minor, and James Leeper, ("James") in this dispute as to choice of law in a tort action. Appellants, Cincinnati Ins. Co. ("insurance company") and Alice May Lemerand, ("Alice") set forth the following assignment of error:
 "The trial court erred in granting Defendants-Appellees' motion for summary judgment and denying Plaintiffs-Appellants' motion for summary judgment because the State of Ohio has a substantially greater interest than the State of Michigan in having its laws applied to the issue of damages in tort actions involving exclusively Ohio residents."
The following facts are relevant to this appeal. On August 23, 1994, an automobile accident occurred in Michigan between a vehicle driven by James and a vehicle in which Alice was a passenger. The vehicle in which Alice was a passenger was owned and operated by a Michigan resident. At the time of the accident, the Leepers and Alice were residents of Ohio.
Appellants filed a complaint against appellees in Toledo Municipal Court seeking $5,653.30 for medical expenses as well as $363.96 for economic loss incurred by Alice. Appellees filed a motion for summary judgment, arguing that Michigan law applied to this action and that under Michigan no-fault law, there is no cause of action for appellants against appellees. Appellants also filed a motion for summary judgment in which they argued that Ohio law should apply. The trial court granted appellees' motion for summary judgment and appellants filed a timely notice of appeal.
In their assignment of error, appellants contend that the trial court erred in granting appellees' motion for summary judgment in that Ohio law should be applied in this case. This court finds no merit in appellants' contention.
The trial court's choice of law is subject to a de novo
standard of review. Sosa v. M/V LAGOIZABAL (C.A. 5, 1984),736 F.2d 1028. In Morgan v. Biro Mfg. Co. (1984), 15 Ohio St.3d 339,342, the Ohio Supreme Court stated:
 "When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. (Footnote omitted.) Pursuant to this section, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship, a court must then proceed to consider the general principles set forth in Section 145. (Footnote omitted.) The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 (Footnote omitted) which the court may deem relevant to the litigation. All of these factors are to be evaluated according to their relative importance to the case."
Section 146 of 1 Restatement of the Law 2d, Conflict of Laws (1971) 430, provides:
 "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and to the parties, in which event the local law of the other state will be applied." (Emphasis added.)
Section 145 of 1 Restatement of the Law 2d, Conflict of Laws 414, states:
 "(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence of the parties under the principles stated in § 6.
 "(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
"(a) the place where the injury occurred,
 "(b) the place where the conduct causing the injury occurred,
 "(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
 "(d) the place where the relationship, if any, between the parties is centered.
 "These contacts are to be evaluated according to their relative importance with respect to the particular issue."
Section 6 of 1 Restatement of the Law 2d, Conflict of Laws 10, provides as follows:
 "(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
 "(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
 "(a) the needs of the interstate and international systems,
"(b) the relevant policies of the forum,
 "(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
"(d) the protection of justified expectations,
 "(e) the basic policies underlying the particular field of law,
 "(f) certainty, predictability and uniformity of result, and
 "(g) ease in the determination and application of law to be applied."
From this court's examination of the facts of this case, it is clear that the state of Michigan has the most significant relationship to the parties and events herein. Considering Section 145 of 1 Restatement of the Law 2d, Conflict of Laws 414, factors 2 (a), (b) and (d), the accident took place in Michigan. Only Section 145 of 1 Restatement of the Law 2d, Conflict of Laws 414, factor 2 (c), the domicile of the injured party and appellee driver and that appellee insurance company is licensed to do business in this state, favor application of Ohio law. However, these factors do not rise to such a significant level to overcome the presumption that the law of the place where the injury occurred controls. Consequently, this court holds that the trial court properly determined that Michigan law should apply in the case sub judice. As noted by the Ohio Supreme Court in Kurent v.Farmers Ins. of Columbus, Inc. (1991), 62 Ohio St.3d 242, 246:
 "A motorist traveling in Michigan accepts Michigan law as it pertains to accidents occurring in Michigan. That motorist does not have the option, for example, of claiming that Ohio's speed limit or traffic laws govern simply because the motorist resides in Ohio. The notion that Ohio law somehow controls the amount of damages flowing from torts committed on Michigan highways is akin to a contention that a Michigan resident who commits murder in Ohio is exempt from the death penalty because Michigan does not recognize capital punishment."
Accordingly, appellants' single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.