OPINION
The issue in this case is whether an insurer's duty of coverage under the uninsured/underinsured ("UM/UIM") coverage provisions of an automobile liability insurance policy is determined by the law of the jurisdiction in which the insurance contract was executed or by law of the jurisdiction in which the liability that triggers the coverage duty exists. Based on the recent decision of the Supreme Court of Ohio in Ohayon v. Safeco Insurance Company of Illinois (2001), 91 Ohio St.3d 474, we hold that the controlling law is the law of the jurisdiction in which the insurance contract was executed.
The underlying action was commenced by Plaintiff-Appellee, Indiana Insurance Company ("Indiana"), which sought a declaratory judgment concerning the amount of underinsured motorist coverage it is required to provide its policyholders, Kenneth and Julia Denger.
On February 10, 2000, the Dengers were involved in an automobile accident in the State of Florida when their automobile collided with an automobile driven by Sharon Walters. It appears that Walters was at fault. The record indicates that the total value of the Dengers' losses may exceed $150,000.
Ms. Waters had automobile liability insurance coverage with policy limits of $50,000, which her insurer paid the Dengers. They then made a claim to their insurer, Indiana, for payment of $100,000 under the underinsured motorist liability provisions of their policy, which is the policy limits.
R.C. 3105.18(A)(2) provides that an insurer may set-off from its underinsured motorist policy limits any amounts paid by the underinsured motorist's bodily injury liability bonds and insurance policies. If that provision governs Indiana's obligation to the Dengers, Indiana may set off the $50,000 that Mrs. Walters' insurer paid from the $100,000 limits of Indiana's policy, reducing Indiana's coverage duty to the Dengers to $50,000, at most.
Florida's law on the same matter is governed by Section 627.727(1), Fla. Stat. (1984). That section also provides that an insurer may set off the amount the tortfeasor's insurer has paid, but only from the total value of the loss and not from its own policy limits. Under that provision, and assuming that the Dengers suffered losses amounting to $150,000, Indiana could set off the $50,000 the Dengers have been paid from their alleged loss, leaving Indiana with a duty to provide coverage of up to $100,000 on the Dengers' underinsured motorist claim.
Indiana asked the trial court to determine that the duty of coverage it owes the Dengers under the policy that it issued them is determined by Ohio's law. The Dengers asked the court to determine that coverage is governed by Florida law. The trial court granted Indiana's motion for summary judgment, declaring that Ohio's law applies. The Dengers filed a timely notice of appeal.
 FIRST ASSIGNMENT OF ERROR THE LOWER COURT ERRED BECAUSE IT DIDN'T APPLY FLORIDA'S LAW WHEN CONSTRUING THE APPELLANT'S POLICY.
The Dengers argue that Florida law should govern Indiana's coverage obligation because Florida is the jurisdiction in which they are "legally entitled to recover" for their losses, which is the condition that triggers Indiana's coverage duty under their policy. The Dengers rely on Kurent v. Farmers Insurance Company of Ohio (19910, 62 Ohio St.3d 242.
In Kurent, an Ohio resident was injured in an automobile accident in Michigan, which was then a "no-fault" state. The tortfeasor responsible for the accident had Michigan no-fault coverage. The Ohio driver had UM/UIM coverage under a policy issued in Ohio. The policy contained a typical provision which triggered the insurer's duty of coverage when the insured became "legally entitled to recover" from an uninsured or underinsured motorist. The Supreme Court held that liability issues, which determine when a claimant is legally entitled to recover, are determined by the law of the jurisdiction in which the accident took place. Therefore, the law of Michigan governed. Because Michigan's no-fault law exempted drivers with no-fault coverage from liability, however, the insurer had no duty to provide underinsured coverage because the Ohio driver was not legally entitled to recover from the tortfeasor for his injuries.
The Dengers argue that the same "legally entitled to recover" provision, which also appears in the Indiana policy, requires application of Florida law in this instance, just as Michigan's law was applied in Kurent, supra. That view was expressly rejected in Ohayon, supra, which distinguished coverage issues, which are governed by the law of contract, from liability issues, which are governed by the law of torts.
Liability is determined by the law of the jurisdiction in which the tort occurred. Coverage issues, like other contract issues,
 [s]hould be determined "by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties." (Emphasis in original).
Id., at p. 479, quoting the Restatement of Conflicts, Section 193, p. 610. Therefore, and absent some express choice of the parties to the contrary, the law of the jurisdiction in which an insurance contract was negotiated and signed governs the insurer's duties of coverage under the contract. Ohayon, supra.[1]
There is evidence that the Dengers split their time between Florida and Ohio. They own a home in Florida, and the car they were driving when the accident occurred was purchased there. They have similar contacts with Ohio, where they own a home in Greene County. However, their contract with Indiana, was negotiated, signed, and issued in Greene County, by a Greene County agent, and it bears no particular relationship to Florida or the Dengers' activities there. Therefore, Ohio law governs Indiana's coverage duties under the policy, including its duty to provide the Dengers' UM/UIM coverage pursuant to the terms of the policy.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR IT WAS ERROR FOR THE TRIAL COURT NOT TO ALLOW A CHANGE OF VENUE WHEN THE APPELLANTS' CONTACTS WITH FLORIDA OUTWEIGH THOSE OF OHIO.
A change of venue is permitted by the doctrine of forum non conveniens when dual jurisdiction exists and the matters in issue are more conveniently litigated in the jurisdiction other than the one in which it was commenced. The Dengers argue that the doctrine favors Florida in this instance, because that is where the accident occurred and where the evidence concerning the accident and the injuries and losses resulting from it exists.
The Dengers' argument assumes that Florida possessed jurisdiction to determine the coverage issues involved. Even if Florida does, Florida is not better able to determine coverage issues than is Ohio. Indeed, if Ohio law governs coverage issues, as we have found, Ohio is the preferred jurisdiction. Therefore, we cannot find that the trial court abused its discretion when it declined to dismiss the action that Indiana had filed to allow it to be filed instead in Florida.
The second assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
 __________ GRADY, J.,
WOLFF, P.J. and BROGAN, J., concur.
[1] The trial court's judgment is in accord with Ohayon, though its judgment was entered before Ohayon was decided.