OPINION
Plaintiffs-appellants, Kenneth E. Powers, II, Kenneth E. Powers, III, Corey Powers, and Kathryn Powers, appeal from the judgment of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, CGU Indiana-Ohio Valley. For the following reasons, we affirm.
Appellants Kenneth E. Powers, III, Corey Powers, and Kathryn Powers are the children of Kenneth E. Powers, II ("Powers"). Powers was severely injured in a motor vehicle accident that occurred on April 30, 1995. Powers was a passenger in a vehicle driven by Timothy E. Nichols. Powers and Nichols had been drinking, and were returning from a carryout in Huntington, West Virginia. Nichols told police that he had consumed approximately ten beers prior to the accident, and had one open in the car at the time of the crash. Nichols' vehicle was proceeding eastbound on State Route 743 in Proctorville, Ohio. Nichols was speeding, the roads were wet, and Nichols lost control of the vehicle. He crashed into two brick pillars on the right side of the road located on the property of Ernest and Barbara Fuller.
In 1995, Nichols' insurance carrier settled with appellants for $50,000. In 1999, the Fullers' insurance company settled with appellants for $180,000.
On November 12, 1999, appellants filed the instant action against appellee for underinsured motorists ("UIM") benefits. Appellants based their claim upon the case of Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660 . Appellee is the insurer of Powers' former employer, Jenkins Coffee Services, Inc. ("Jenkins Coffee"). At the time of the accident, Powers was employed by Jenkins Coffee as a route driver. Jenkins Coffee is a Tennessee corporation located in Knoxville, Tennessee. In the course of his employment with Jenkins Coffee, Powers drove a company-owned vehicle, which he garaged at his residence in Proctorville, Ohio. As an employee, his territory ranged from Huntington, West Virginia to Racine, Ohio through Lucasville and Portsmouth, Ohio. The Jenkins Coffee truck was not involved in the accident.
At the time of the accident, appellee's predecessor, General Accident Insurance Company, had issued a business auto policy (the "CGU Policy") to Jenkins Coffee. The CGU Policy was issued from the insurance company's Nashville, Tennessee location and provided to Jenkins Coffee at its Knoxville, Tennessee address. At the time the CGU Policy was issued, every truck in the Jenkins Coffee fleet, including appellant's vehicle, was listed as being garaged in Knoxville, Tennessee. The CGU Policy included Tennessee and Kentucky uninsured motorist coverage endorsements.
Appellee moved for summary judgment on the grounds that Tennessee law governed the insurance contract, and Tennessee law does not recognize a Scott-Pontzer type claim.[1] Appellants responded that the policy language was ambiguous and, therefore, pursuant to the Csulik v. Nationwide Mut. Ins. Co. (2000), 88 Ohio St.3d 17, Ohio law should govern.
On February 28, 2001, the trial court granted appellee's motion for summary judgment, reasoning that the CGU Policy was not ambiguous and that it was obvious from the bold caption "TENNESSEE [UIM] COVERAGE" that Tennessee law applied to covered vehicles licensed or garaged in Tennessee. Since every vehicle listed in the CGU Policy was represented to be garaged in Knoxville, Tennessee, the trial court concluded that Tennessee law applied with respect to appellants' alleged UIM coverage.
The trial court conducted its own independent research and concluded that under Tennessee law, plaintiff must be occupying the insured vehicle in order to be entitled to UIM coverage. Since it was undisputed that the Jenkins Coffee truck was not involved in the accident in any way, the trial court concluded that appellee was entitled to judgment as a matter of law.
Appellants have appealed the judgment of the trial court, assigning as error the following:
 I. THE TRIAL COURT ERRED IN FINDING THAT TENNESSEE LAW APPLIED TO THE CONTRACT AND GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
After the trial court reached its decision in February 2001, and after appellants filed their brief in this court, the Ohio Supreme Court decided the case of Ohayon v. Safeco Ins. Co. of Illinois (2001),91 Ohio St.3d 474. In Ohayon, the court held that "[a]n action by an insured against his or her insurance carrier for payment of underinsured motorist benefits is a cause of action sounding in contract, rather than tort, even though it is tortious conduct that triggers applicable contractual provisions." Id. at paragraph one of the syllabus. The Ohio Supreme Court then stated that absent an express choice of law provision, the court should consider the factors set forth in Restatement of Conflicts, Section 188, the contract choice of law factors, to make a determination with respect to which state's law applies. The court should determine which state has "the most significant relationship to the transaction and the parties." Id. at 477. To assist in this determination, the court should consider "the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties." Id.
The court further found that coverage issues, like other contract issues, should be determined "`by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties.'" (Emphasis sic.) Id., at 479, quoting Restatement of Conflicts, Section 193 at 610. "'[I]n the case of an automobile liability policy, the parties will usually know beforehand where the automobile will be garaged at least during most of the period in question.'" Ohayon, supra, at 479-480 quoting Restatement of Conflicts at 611, Comment b.
Here, the application of the Restatement factors supports the application of Tennessee law. The contract was entered into between Jenkins Coffee, a Tennessee corporation with its principle place of business in Knoxville, Tennessee, and the predecessor to CGU, an insurance company with its principle place of business in Philadelphia, Pennsylvania, acting through its Nashville, Tennessee office from which the policy was issued. The agent who negotiated the policy was located in Tennessee. Based on the declarations page of the policy, it appears that Jenkins Coffee represented that all vehicles were garaged in Knoxville, Tennessee, even though the subject vehicle was actually garaged in Ohio at the time of the accident. There is no evidence that appellee was ever informed that any vehicle was garaged in Ohio. Accordingly, Tennessee law should apply to the determination of UIM benefits.
Under Tennessee law the employee must occupy the employer's vehicle at the time of the accident to be entitled to recover UIM benefits. Younger v. Reliance Ins. Co. (Tenn.App. 1993), 884 S.W.2d 453. Tennessee has not adopted the holding of Scott-Pontzer. Thus, under Tennessee law, appellants are not entitled to UIM benefits.
Appellants also argue that the CGU policy is ambiguous regarding what law should be used to determine coverage issues and that the ambiguity should be construed in favor of coverage. As support for this argument, appellants cite Csulik, supra. In Csulik, the Ohio Supreme Court found the language of an insurance contract in which the insurer agreed to pay compensatory damages "due by law" to the insured, was ambiguous. Appellants argue that the CGU policy contains similar language in a provision that states:
A. COVERAGE
 We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "Insured", or "property damage" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".
 If this insurance provides a limit in excess of the amounts required by the applicable law where a covered "auto" is principally garaged, we will pay only after all liability bonds or policies have been exhausted by judgments or payments.
Appellants argue that the phrase "legally entitled to recover" is ambiguous as paragraph two states that a prerequisite to payment is exhaustion if the limits exceed the amounts required by the law of the state where the auto is principally garaged.
The court in Ohayon addressed this issue. The insurance policy in that case provided that the insurer would pay UIM benefits which an insured was "legally entitled to recover." Although plaintiffs argued that the phrase was ambiguous, the court stated that it had previously found the phrase "legally entitled to recover" meant that the insured must be able to prove the elements of his or her claim against the tortfeasor. Id. at 484, citing Kurent v. Farmers Ins. of Columbus, Inc. (1991),62 Ohio St.3d 242, 245. The court found the plaintiffs' reliance on Csulik was misplaced and that Csulik did not replace the court's traditional contract choice of law principles. Id. at 484.
Thus, the appropriate analysis is the choice of law analysis set forth in Ohayon, and applied previously. Accordingly, appellants are not entitled to UIM benefits under the CGU policy.
Based on the foregoing, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.
[1] Appellee also moved for summary judgment on several other bases. Because of our resolution of the choice-of-law issue, we need not address those arguments.