OPINION
{¶ 1} On November 29, 2003, appellant, Kelly Foss, an Ohio resident, was injured in a single vehicle automobile accident in the state of Indiana, a no-fault state. Appellant was a passenger in a vehicle being operated by her husband, Matthew Foss. At the time of the accident, appellant and her husband maintained insurance with appellee, Cincinnati Insurance Companies. Appellant sought uninsured motorists coverage, but Cincinnati denied coverage.
 {¶ 2} On March 3, 2005, appellant filed a declaratory judgment action against Cincinnati. Both parties filed motions for summary judgment. By judgment entry filed September 8, 2005, the trial court granted Cincinnati's motion for summary judgment, finding Indiana law applied and therefore appellant was not entitled to coverage under the policy.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN UPHOLDING INSURANCE COMPANY'S DECISION TO DENY COVERAGE TO ITS SEVERELY INJURED OHIO POLICYHOLDER. THE BASIS OF THE COURT'S ERROR WAS TO APPLY INDIANA LAW, NOT OHIO LAW, BASED UPON AN ERRONEOUS APPLICATION OF KURENT V. FARMERS INS. OF COLUMBUS
(1999), 62 OHIO ST. 3D 242."
 II {¶ 5} "THE TRIAL COURT COMPOUNDED ITS REVERSIBLE ERROR BY ELECTING NOT TO RESOLVE THE REMAINING COVERAGE ISSUES IN THIS CASE, WHICH SHOULD HAVE OCCURRED HAD THE TRIAL COURT APPLIED THE CORRECT LAW TO THIS CASE."
I
 {¶ 6} Appellant claims the trial court erred in granting summary judgment to Cincinnati. Specifically, appellant claims the trial court erred in applying Indiana law instead of Ohio law, and in finding her claim was invalid under Indiana law. We disagree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 Ohio St.3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 10} In determining that Indiana law applied, the trial court relied on the case of Kurent v. Farmers Insurance ofColumbus, Inc. (1991), 62 Ohio St.3d 242, wherein the Supreme Court of Ohio held the law of the situs of the accident is controlling. In looking at the uninsured motorists coverage of the Cincinnati policy, Part C, appellant would be entitled to benefits if she was "legally entitled to recover from the owner or operator of an uninsured motor vehicle." The trial court determined because Indiana's "Guest Statute" law did not permit spousal claims for injuries, appellant was not "legally entitled to recover" and therefore was not entitled to benefits under Cincinnati's uninsured motorists coverage.
 {¶ 11} Appellant argues the syllabus of Kurent should be limited to injuries caused by a resident of another state. Therefore, because the accident in this case involved a single vehicle with Ohio residents only, Kurent does not apply. TheKurent syllabus states as follows:
 {¶ 12} "When an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws. Where the no-fault state does not recognize a claim against the tortfeasor-motorist, the Ohio insured is not entitled to collect uninsured motorist benefits from his own insurer."
 {¶ 13} However, a total reading of Kurent explains the syllabus and the reasoning of the court:
 {¶ 14} "Michigan law determines Karczewski's legal liability to the Kurents. He is a Michigan resident and the accident occurred in Michigan. A motorist traveling in Michigan accepts Michigan law as it pertains to accidents occurring in Michigan. That motorist does not have the option, for example, of claiming that Ohio's speed limit or traffic laws govern simply because the motorist resides in Ohio. The notion that Ohio law somehow controls the amount of damages flowing from torts committed on Michigan highways is akin to a contention that a Michigan resident who commits murder in Ohio is exempt from the death penalty because Michigan does not recognize capital punishment.
 {¶ 15} "* * *
 {¶ 16} "Our decision to apply Michigan tort law to the underlying accident is consistent with the Restatement of the Law of Conflicts approach we adopted in Morgan v. Biro Mfg. Co.
(1984), 15 Ohio St.3d 339, 341-342, 15 OBR 463, 465-466,474 N.E.2d 286, 288-289. Specifically, Section 146 of 1 Restatement of the Law 2d, Conflict of Laws (1971) 430, creates a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. Comment d to Section 146 emphasizes that the state in which both the conduct and the injury occur has the dominant interest in regulating that conduct, determining whether it is tortious in character, and determining whether the interest is entitled to legal protection. Id. at 431." Kurent at 246.
 {¶ 17} Appellant argues Ohio has a superior interest. We findKurent addressed the balancing of Ohio law versus situs law as follows:
 {¶ 18} "Section 145 of the Restatement of the Law of Conflicts 2d, supra, at 414, sets forth factors to determine whether one state has a more significant relationship to the lawsuit. These include the place of injury, the place where the conduct causing the injury occurred, the residence or place of incorporation and/or business of the parties, and the place where the relationship between the parties is centered."
 {¶ 19} The issues raised sub judice are identical toKurent, except the accident in this case did not involve a non-Ohio resident. We find this fact alone is insufficient to overcome the presumption of situs law.
 {¶ 20} Based upon the reading of Kurent taken as a whole (S.Ct.R.Rep.Op. 1), we find the trial court did not err in determining Indiana's spousal immunity law prevailed over Ohio law.
 {¶ 21} Assignment of Error I is denied.
 II {¶ 22} Appellant claims the trial court erred in not addressing her argument that the language of the uninsured motorists coverage is unclear and ambiguous as it relates to covered autos. Cincinnati claims the policy clearly precludes appellant's spouse's vehicle as an uninsured vehicle for purposes of uninsured motorist coverage.
 {¶ 23} As amended, R.C. 3937.18, which governs uninsured/underinsured motorists coverage, permits the inclusion of "terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances." See, Subsection (I).
 {¶ 24} The uninsured motorists coverage in the policy sub judice contains the following language:
 {¶ 25} "However, `uninsured motor vehicle' does not include any vehicle or equipment:
 {¶ 26} "5. For which liability coverage is afforded under this policy."
 {¶ 27} The vehicle involved in the accident was a covered vehicle under the liability policy therefore, uninsured motorists coverage does not apply.
 {¶ 28} Assignment of Error II is denied.
 {¶ 29} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Gwin, P.J. dissents and Boggins, J. concurs separately.