[Cite as *Weber v. GEICO Cas. Co.*, 2018-Ohio-4158.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Thomas Weber

    Appellant

v.

GEICO Casualty Company

    Appellee

Court of Appeals No. WD-18-003

Trial Court No. 2017CV0053

**<u>DECISION AND JUDGMENT</u>**

Decided: October 12, 2018

* * * * *

Martin J. McManus, for appellant.

Daniel P. Whitehead and Michael R. Kroner, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a January 3, 2018 summary judgment ruling of the Wood County Court of Common Pleas, denying insurance coverage to appellant and granting summary judgment to appellee/insurer GEICO in connection to a

November 21, 2014 motor vehicle accident occurring in Michigan. For the reasons set forth below, this court reverses the judgment of the trial court.

{¶ 2} Appellant, Thomas Weber, sets forth the following two assignments of error:

A. The trial court erred in holding that appellant['s] automobile policy did not provide no-fault personal injury protection coverage for his Michigan accident.

B. The trial court erred in holding that GEICO Casualty Company was not negligent in placing appellant in one of its subsidiaries not certified in Michigan.

{¶ 3} The following undisputed facts are relevant to this appeal. Appellant is an Ohio resident who purchased automobile insurance coverage from GEICO Casualty Company ("appellee"). During the relevant timeframe, appellant was employed by a courier service, lived in relatively close proximity to Michigan, and performed a significant percentage of his work-related automobile travel duties in Michigan.

{¶ 4} On November 21, 2014, while driving his motor vehicle on I-75 in Wayne County, Michigan, appellant was struck by an intoxicated driver. The collision forced appellant's vehicle into the freeway median barrier wall, causing damages and injuries.

{¶ 5} Automobile accidents occurring within the state of Michigan are governed by Michigan's no-fault insurance laws. The automobile insurance policy appellant purchased from appellee contained an out-of-state insurance provision. Specifically, the provision establishes that, "[W]hen the policy applies to the operation of a motor vehicle

2.

outside of your state, we agreed to increase your coverage to the extent required of out-of-state motorists by local law." The state of Michigan no-fault insurance laws require that personal injury protection coverage be furnished to comply with Michigan's no-fault statutory scheme.

{¶ 6} Subsequent to the accident, appellant filed a claim for benefits with appellee arising from the above-described November 21, 2014 collision in which appellant was struck by an intoxicated driver on a Michigan freeway.

{¶ 7} Appellee denied the claim and filed for summary judgment. In support, appellee denied that it was liable to provide appellant with Michigan personal injury protection no-fault insurance benefits as appellant's policy was connected to an affiliate company not licensed in the state of Michigan.

{¶ 8} In response, appellant filed a cross-motion for summary judgment against appellee. In support, appellant asserted that the plain language of appellant's policy contractually mandated appellee to provide appellant with the coverage required by the local laws of another state for collisions occurring in that state.

{¶ 9} In addition, appellant contended negligence by appellee in failing to advise appellant in the course of the purchase of the policy that the policy may not provide coverage for collisions in Michigan or that the company was comprised of affiliates not licensed in Michigan.

{¶ 10} On January 3, 2018, the trial court granted summary judgment to appellee, and denied summary judgment to appellant. In the single page ruling, the trial court

3.

summarily concludes, "The plaintiff asks this court to declare that he is eligible for no-fault benefits arising out of his injury accident in Michigan. The plaintiff argues that his Ohio policy includes language that would conform his coverage to include no-fault benefits. The plaintiff's arguments are not well-taken."

{¶ 11} Given that the trial court's summary judgment entry lacks any citations to statutory authority or to legal precedent, it cannot be ascertained what relevant authority the court relied upon in reaching the above-quoted legal conclusion.

{¶ 12} Both of appellant's assignments of error stand for the proposition that the subject trial court summary judgment ruling was incorrect. The assignments of error will be considered simultaneously.

{¶ 13} It is well-established that an appellate court reviews a trial court's granting of summary judgment on a de novo basis, applying the same standard as that used by the trial court. *Lorain Nat'l Bark v. Saratoga Apts.*, 61 Ohio App.3d 127, 572 N.E.2d 198 (9th Dist.1989).

{¶ 14} Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 15} The essence of appellant's appeal lies in the proposition that the trial court erred in determining that appellant's GEICO automobile insurance policy did not provide personal injury protection coverage to appellant for appellant's November 21, 2014

4.

collision in Michigan pursuant to Michigan's no-fault insurance statutory scheme. We concur.

{¶ 16} In conjunction with the above, according to Ohio law, insurance policies are contracts. Their language must be vested with the plain meaning of the words used. Thus, we conduct our review of the relevant insurance policy language pursuant to the plain meaning standard. *Motorists Mut. Ins. Co. v. Owners Ins. Co.*, 6th Dist. Lucas. No. L-11-1180, 2012-Ohio-3112, ¶ 13.

{¶ 17} Lastly, consistent with the foregoing applicable legal standards, *Kurent v. Farmers Ins. of Columbus*, 62 Ohio St.3d 242, 1991 Ohio LEXIS 2891, 581 N.E.2d 533, specifically established that when an Ohio resident is injured in an out-of-state automobile accident occurring in a no-fault insurance state, caused by a resident of that state who is insured by the state's no-fault statutory scheme, the Ohio resident's legal right to recover from the tortfeasor is governed by the statutory scheme of the no-fault state where the accident occurred.

{¶ 18} The determinative policy provision of appellant's GEICO policy establishes that, "[W]hen the policy applies to the operation of a motor vehicle outside of your state, we agree to increase your coverage to the extent required of out of state motorists by local law."

{¶ 19} The record does not reflect, and therefore a question of material fact remains, whether appellant operated his motor vehicle in Michigan for, "[A]n aggregate amount of more than 30 days in any calendar year," so as to trigger the local Michigan

5.

statutory requirement for out-of-state drivers such as appellant to maintain PIP coverage when driving in Michigan.  Mich. Comp. Laws Ann. 500.3102(1).

{¶ 20} Based upon the foregoing, we find that reasonable minds can only conclude that the trial court erred in granting summary judgment to appellee and thereby finding appellant ineligible for the increased coverage.  Given the facts of this case, appellant may qualify for the increased coverage and thus the matter must be remanded to the trial court for further proceedings to enable that determination to be made.

{¶ 21} Lastly, we note that appellee's assertion that it cannot be liable as appellant was placed with an affiliate not certified as an insurance provider in Michigan is without merit as even if the law mandating coverage to an out-of-state motorist is ultimately determined to be applicable in this case, the law is merely requiring an increase in the existing coverage of appellant's Ohio policy to match minimum Michigan requirements, it is not rendering the Ohio policy a Michigan policy, as implied by appellee's assertion.

{¶ 22} Wherefore, the January 3, 2018 summary judgment ruling of the Wood County Court of Common Pleas in this matter is hereby reversed.  The matter is remanded to the trial court for further proceedings consistent with this decision.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                     _____
                                           JUDGE

Thomas J. Osowik, J.

                                   _____
Christine E. Mayle, P.J.                         JUDGE
CONCUR.

                                   _____
                                           JUDGE

7.