CALLIS et al., Appellants,

v.

ZILBA, Appellees, et al.

[Cite as *Callis v. Zilba* (2000), 136 Ohio App.3d 696.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–99–1215.

Decided Feb. 4, 2000.

---

16. See, *e.g.*, R.C. 2945.44.

*Charles V. Contrada* and *Russell W. Jones,* for appellants.

*Elizabeth M. Foley* and *Kent D. Riesen,* for appellee.

HANDWORK, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Anthony J. Zilba. For the reasons stated herein, this court reverses the judgment of the trial court.

Appellants, Martha Callis and Clarence Callis, set forth the following assignments of error:

"First Assignment of Error

"The trial court erred in determining that michigan's no–fault damages limitations apply to appellants' claims against appellee Anthony J. Zilba.

"Second Assignment of Error

"The trial court erred in holding as a matter of law that the facial scarring appellant Martha Callis sustained in the subject accident did not qualify as 'permanent serious disfigurement.' "

The following facts are relevant to this appeal. On January 22, 1997, appellants [1] filed a complaint against appellee Zilba [2] and his insurer. The complaint set forth the following facts: that on December 31, 1995 in Monroe County, Michigan, appellee, a resident of Lucas County, Ohio, negligently operated his motor vehicle and caused an accident with appellants' vehicle; that Martha was a passenger in appellants' vehicle; and that as a result of the accident, Martha sustained personal injuries, incurred medical expenses and lost wages.

On June 8, 1998, appellee filed a motion for summary judgment. Appellants filed a memorandum in opposition on September 30, 1998, and on October 16,

---

1. Grange, appellants' insurer who had paid medical payments and underinsured motorist benefits to appellants, was also a plaintiff in the case. Grange asserted a subrogation claim against the Zilbas based upon its payments to appellants.

2. Appellants also filed the complaint against appellee's father, who was later voluntarily dismissed from the case.

1998, appellee filed a reply. On May 28, 1999, the trial court granted summary judgment to appellee. The trial court held that Michigan law applied; dismissed a claim for subrogation asserted by appellants' insurance company because no conditions existed under which Michigan law grants subrogation rights; held that appellants had no claim against appellee for economic damages under Michigan no-fault law; as to noneconomic damages, held that appellants presented evidence from which a jury could find that Martha sustained a "serious impairment of body function" as defined by Michigan law; and denied recovery of noneconomic damages based on the facial scarring Martha sustained, after finding as a matter of law that the facial scarring did not rise to the level of "permanent serious disfigurement" as defined by Michigan law. Appellants filed a timely notice of appeal.

In their first assignment of error, appellants argue that the trial court erred in determining that Michigan's no-fault damages limitations applied to appellants' claims against appellee. This court finds merit in this assignment of error.

The trial court based its grant of summary judgment on *Cincinnati Ins. Co. v. Leeper* (Mar. 13, 1998), Lucas App. No. L-97-1265, unreported, 1998 WL 123108. The trial court's choice of law is subject to a *de novo* standard of review. *Id.*

In *Leeper*, this court held that Michigan's no-fault damages limitations applied to an Ohio injured plaintiff's claims. In *Leeper*, the injured plaintiff was a passenger in a vehicle owned and operated by a Michigan resident when an accident occurred in Michigan with a vehicle driven by an Ohio resident. In determining that Michigan law applied in the *Leeper* case, this court reviewed the choice-of-law analysis set forth by the Ohio Supreme Court in *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 342, 15 OBR 463, 465–466, 474 N.E.2d 286, 288–289 and *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 246, 581 N.E.2d 533, 536–537. In *Kurent v. Farmers Ins. of Columbus, Inc.*, 62 Ohio St.3d at 246, 581 N.E.2d at 537, the Ohio Supreme Court stated:

" * * * Specifically, Section 146 of 1 Restatement of the Law 2d, Conflict of Laws (1971) 430, creates a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. * * *

"Section 145 of the Restatement of the Law of Conflicts 2d, *supra*, at 414, sets forth factors to determine whether one state has a more significant relationship to the lawsuit. These include the place of injury, the place where the conduct causing the injury occurred, the residence or place of incorporation and/or business of the parties, and the place where the relationship between the parties

is centered." See, also *Morgan v. Biro Mfg. Co.*, 15 Ohio St.3d at 342, 15 OBR 463, 465–466, 474 N.E.2d at 288–289.

When these principles were applied to the facts in *Leeper,* this court concluded that the state of Michigan had the most significant relationship to the parties and events.

This case, however, is distinguishable from *Leeper.* In this case, none of the individuals involved in the accident was a Michigan resident. In contrast, in *Leeper,* the injured plaintiff was a passenger in a vehicle owned and operated by a Michigan resident. In this case, the domicile of all the parties, the injured party, *and* the drivers of the vehicles is Ohio. These factors overcome the presumption that the law of the place where the injury occurred controls and, thus, favor application of Ohio law.

Accordingly, appellants' first assignment of error is found well taken.

Appellants' second assignment of error concerns the appropriateness of the trial court's grant of summary judgment on the issue of "permanent serious disfigurement" under Michigan law. Our decision as to the first assignment of error renders appellants' second assignment of error moot.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. Appellee is ordered to pay the court costs.

*Judgment reversed*
*and cause remanded.*

Melvin L. Resnick, and Sherck, JJ., concur.