DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Williams County Court of Common Pleas which granted appellees, Michael Fowler and Christine Cole, summary judgment against appellant, Christopher Voelzke, and denied appellant's motion for summary judgment. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} Appellant was injured in a single motor vehicle accident on October 12, 1998, while riding in a vehicle owned by Cole and driven by Fowler. The accident occurred in Williams County, Ohio; however, all parties were residents of Michigan and appellees were insured under a policy of auto insurance issued in Michigan. As such, the trial court held that the substantive law of Michigan applied in this case. In ruling on the parties' motions for summary judgment, in applying Mich.Comp. Laws Ann., Chapter 500.3135, the trial court found that appellant failed to demonstrate that a genuine issue of material fact existed regarding whether he met the Michigan no-fault threshold of having suffered "a serious impairment of body function" in the accident.
 {¶ 3} Appellant appeals the decision of the trial court and raises the following assignments of error:
 {¶ 4} "1. The trial court erred in holding that the substantive law of Michigan controls this action.
 {¶ 5} "2. The trial court erred in granting defendants Cole and Fowler's Motion for Summary Judgment."
 {¶ 6} The trial court's choice-of-law is subject to a December novo standard of review by this court. Callis v. Zilba (2000),136 Ohio App.3d 696, 698, citing, Cincinnati Ins. Co. v. Leeper (March. 13, 1998), Lucas App. No. L-97-1265. When faced with a choice-of-law query, there is a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. Kurent v. Farmers Ins. of Columbus, Inc. (1991),62 Ohio St.3d 242, 246. The Ohio Supreme Court has held that "a trial court must weigh the substantial governmental interest of the states concerned in order to reach a fair and equitable result." Morgan v. BiroMfg. Co. (1984), 15 Ohio St.3d 339, 341, citing, Fox v. Morrison MotorFreight (1971), 25 Ohio St.2d 193. This analysis is to be done on a case-by-case basis. See Id. at 340.
 {¶ 7} In determining the choice-of-law, the court must take into account the following factors, which are to be evaluated according to their relative importance to the case, "(1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 [of 1 Restatement of the Law 2d, Conflict of Laws 10] which the court may deem relevant to the litigation." Morgan at 342. Section 6 of 1 Restatement of the Law 2d, Conflict of Laws 10, as quoted by Morgan, provides as follows:
 {¶ 8} "(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
 {¶ 9} "(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
 {¶ 10} "(a) the needs of the interstate and international systems,
 {¶ 11} "(b) the relevant policies of the forum,
 {¶ 12} "(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
 {¶ 13} "(d) the protection of justified expectations,
 {¶ 14} "(e) the basic policies underlying the particular field of law,
 {¶ 15} "(f) certainty, predictability and uniformity of result, and
 {¶ 16} "(g) ease in the determination and application of law to be applied."
 {¶ 17} In this case, the only contact with Ohio was that the accident occurred here; whereas, Michigan was the domicile of all the parties and the location where Cole's policy of insurance was issued. Based on the facts in this case, and in accordance with our decision inCallis v. Zilba (2000), 136 Ohio App.3d 696, we find that Michigan has a more significant relationship to the occurrence and to the parties than Ohio. We therefore find that the contacts with Michigan overcome the presumption that the law of the place where the injury occurred controls.
 {¶ 18} Appellant, however, argues that we held in Leeper, supra, that the fact that all the parties resided in Ohio "did not rise to such a significant level to overcome the presumption that the law of the place where the injury occurred controls." Leeper, however, was distinguished from the facts in Callis. In Callis, finding that Ohio law applied, we held that, when all of the individuals involved in an accident are domiciled in one state (Ohio), but the accident occurred in another (Michigan), the state where all the individuals involved in the accident are domiciled has the more significant relationship to the lawsuit and, thus, overcomes the presumption that the law of the place where the injury occurred controls. In Callis, we specifically distinguishedLeeper on the basis that not all of the individuals involved in the accident in Leeper were domiciled in Ohio, e.g. the plaintiff was riding in a vehicle owned and operated by a Michigan resident. As such, inLeeper we found that the presumption was not overcome and applied Michigan law, as that was the state where the accident occurred.
 {¶ 19} Accordingly, having found that the fact pattern in this case is identical to the facts in Callis, supra, and that the contacts with Michigan overcome the presumption that Ohio law controls, we find that Michigan law applies in this case. Appellant's first assignment of error is therefore found not well-taken.
 {¶ 20} In his second assignment of error, appellant argues that the trial court erred in granting appellees' motion for summary judgment. Under Michigan's no-fault law, as a threshold requirement, in order for a party to recover for noneconomic damages in a personal injury action, the party must demonstrate that he "suffered death, serious impairment of body function, or permanent serious disfigurement." Mich.Comp. Laws Ann., Chapter 500.3135(1). The issue of whether an injured person has suffered serious impairment of body function is a question of law for the court, so long as the trial court finds that there is no material "factual dispute concerning the nature and extent of the person's injuries." R.C. 500.3135(2)(a). Otherwise, the matter is submitted to the trier of fact.
 {¶ 21} The issue in this case is whether appellant suffered a "serious impairment of body function." Mich.Comp. Laws Ann., Chapter 500.3135(7) defines "serious impairment of body function" as "an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life." In determining whether a particular injury constitutes a serious impairment of body function, the Michigan Supreme Court has stated the following:
 {¶ 22} "In DiFranco v. Pickard, 427 Mich. 32; 398 N.W.2d 896
(1986), this Court established a standard for determining whether a particular injury constitutes a serious impairment of bodily function sufficient to qualify for damages for noneconomic loss. A serious impairment of body function under the no-fault act need not be an impairment of the entire body function or of an important body function. The threshold requires inquiry into what body function, if any, was impaired because of injuries sustained in a motor vehicle accident, and whether the impairment was serious. The focus of the inquiry is not on the injuries, but on how the injuries affected a particular body function. The Court [in DiFranco] stated:
 {¶ 23} "`In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious. [Id. at 39-40.]'" Auto Club Ins. Assoc. v. Hill (1988), 431 Mich. 449,430 N.W.2d 636, footnote 2.
 {¶ 24} In this case, the trial court held that appellees were entitled to summary judgment on the basis that appellant had not suffered serious impairment of body function because he was able to walk approximately ten miles after the accident to seek aid, only presented to the emergency room with pain to his ankle and knee, some abrasions, superficial lacerations, and a headache. Upon a thorough review of the record, however, we note the following additional, pertinent facts.
 {¶ 25} Appellant was injured when the vehicle he was riding in rolled over several times after hitting a set of railroad tracks at a high rate of speed and losing a wheel. Appellant was thrown about the car and ejected out of his seatbelt through the sunroof. He suffered lacerations to his head, wrist and torso, which did not require stitches. After the accident, appellant saw at least six doctors, including his family physician, a chiropractor, a physical therapist, as well as, a number of specialists for his brain, spine, back, and nerve problems. For two or three weeks following the accident, appellant stated in his deposition that he suffered from headaches and would vomit due to the dizziness he experienced. At the time of his deposition, appellant stated that he still suffered from short-term memory loss on a daily basis. Appellant was not released to return to work for approximately two years after the accident. Appellant stated that, during the years he was off work, he often could not get off the couch due to the pain in his back. At the time of his deposition, appellant was still suffering from numbness in his legs which would occur after sitting continuously for 15 to 20 minutes.
 {¶ 26} Although the severity of his condition was not permanent, appellant did lose mobility for a period of time due to his back injury; appellant also suffered damage to his short-term memory due to his head injury; and appellant lost the ability to sit for prolonged periods of time. Because there is evidence that appellant lost the ability to move, sit, and remember, we find that there are material factual disputes concerning the nature and extent of appellant's injuries and that reasonable minds could conclude differently regarding whether the injuries appellant sustained in the accident caused a "serious impairment of body function."
 {¶ 27} Accordingly, we find that the trial court erred in granting appellees' motion for summary judgment. Appellant's second assignment of error is therefore found well-taken. On consideration whereof, we find that substantial justice has not been done the party complaining and the judgment of the Williams County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings. Costs of this appeal to be paid by appellees.
JUDGMENT REVERSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and GeorgeM. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.