BERTRAM, Appellant,

v.

NORDEN, Appellee, et al.

[Cite as Bertram v. Norden, 159 Ohio App.3d 171, 2004-Ohio-6044.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4–04–09.

Decided Nov. 15, 2004.

Daniel H. Grna and Martin J. McManus, for appellant.

John Donovan, for appellee.

---

ROGERS, Judge.

{¶ 1} Plaintiff–appellant, John Bertram, appeals from a judgment of the Defiance County Court of Common Pleas, granting defendant-appellee's, Matt Norden's, motion for summary judgment. Bertram contends that the trial court committed prejudicial error by applying Michigan law and in ruling that there

was insufficient evidence to sustain Bertram's negligence claim. Additionally, Bertram contends that the trial court erred in finding that his claims were barred under Ohio law by the doctrines of assumption of risk, comparative negligence, and intervening superseding cause. Finding that Michigan law is applicable and that recovery is barred under Michigan law, we affirm the judgment of the trial court.

{¶ 2} In January 1999, Bertram and Norden, along with Scott Olson and Tony Harvey, traveled to the Upper Peninsula of Michigan for a snowmobile trip. Each of the men rode his own snowmobile, except for Bertram, who was using a snowmobile owned by Harvey. On the night the four men arrived in Michigan, they checked into their hotel and went for a short snowmobile ride to get gas for the next day's trip. The following morning, the four set out, each on a separate snowmobile, and traveled approximately 135 miles without incident.

{¶ 3} Shortly after making a stop in Tivoli, Michigan, the group came upon a stop sign on the trail, where the trail intersected a private driveway. At this time, Olson was leading the group, Harvey followed, Bertram was in the third position, and Norden was at the end of the group. As Olson approached the stop sign, he gave the group the customary hand signal and stopped his snowmobile. Looking back, Olson saw that Harvey was going too fast. Fearing that Harvey would not stop, Olson pulled his snowmobile to the right, into the private driveway. To avoid hitting Olson, Harvey turned his sled to the left and went up and over the five- to six-foot snow embankment that was partially blocking the intersection. Harvey was able to safely land his snowmobile.

{¶ 4} Bertram, who was following approximately 30 feet behind Harvey, saw Harvey's taillights in the air. Bertram was traveling approximately 30 miles per hour on his snowmobile. Upon seeing Harvey's taillights in the air, Bertram slammed on his brakes, causing his snowmobile to slide at a 45–degree angle to the right. Bertram slid through the opening of the trail intersection and his snowmobile slid into Olson's snowmobile. The collision was not a hard hit, as Bertram's snowmobile "barely hit" the rear of Olson's snowmobile. At some point, Bertram was thrown from his snowmobile and landed on Harvey, who was still on his snowmobile.

{¶ 5} After falling on Harvey, Bertram slid off Harvey's snowmobile. In his deposition, he stated that he had tried to stand up and was able to put weight on his left leg. At that point, he saw that Norden's snowmobile was coming right at him. He stated that he had tried to get out of Norden's way by pushing off or falling to the right. While Bertram stated that he was not sure whether Norden's snowmobile hit his left leg, Harvey stated that Norden's snowmobile did hit Bertram's leg.

{¶ 6} At that point, Bertram tried to stand up but could not, as he had suffered a broken leg as the result of the incident. His tibia and fibula were both fractured and protruding through the skin. He had to undergo surgery to repair the broken bones. In a deposition, Bertram stated that it was when Norden's snowmobile hit his leg that he thought his leg was broken.

{¶ 7} In December 2000, Bertram filed a complaint against Olson, Harvey, and Norden in the Court of Common Pleas of Defiance County, Ohio. Counts one, two, and three of the complaint alleged that Norden, Harvey, and Olson were each liable for their negligent snowmobile operation, which caused Bertram's injuries. Count four alleged a separate claim against Harvey for negligently providing Bertram with the use of a snowmobile.

{¶ 8} In August 2001, Olson moved for summary judgment. In his motion, Olson argued that Michigan law applied and that under MCL 324.82126, Bertram's claims were barred.

{¶ 9} In October 2001, Harvey filed a separate motion for summary judgment. In his motion, Harvey asserted that he did not have a duty to train or supervise Bertram before allowing him to use his snowmobile, that Bertram had assumed the risk of his injuries, and that Bertram's own negligence was intervening, superseding conduct barring recovery.

{¶ 10} In November 2001, the trial court dismissed Bertram's complaint against Olson because Bertram had failed to respond to Olson's motion for summary judgment. In April 2002, the trial court granted Harvey's motion for summary judgment. The court noted in its judgment entry that Bertram had also failed to respond to Harvey's motion for summary judgment.

{¶ 11} In May 2002, Norden filed a motion for summary judgment, incorporating the arguments of both Olson's and Harvey's motions for summary judgment. Subsequently, Bertram filed a response to Norden's motion for summary judgment.

{¶ 12} In February 2004, the trial court granted Norden's motion for summary judgment. It is from this judgment Bertram appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

The trial court committed prejudicial error by applying Michigan Law in ruling upon the motion for summary judgment filed by Matt Norden.

### Assignment of Error No. II

The trial court committed prejudicial error in ruling that there was insufficient evidence to sustain a cause of action for negligence against Matt Norden.

*Assignment of Error No. III*

The Trial Court committed prejudicial error in ruling that appellant's claims were barred as a matter of law under the doctrine of assumption of risk.

*Assignment of Error No. IV*

The trial court committed prejudicial error when it decided that the appellant's presumed comparative negligence barred his recovery in this case.

*Assignment of Error No. V*

The trial court committed prejudicial error in holding that the appellant's claims against the appellee were barred under the doctrine of independent intervening superseding cause.

*Assignment of Error No. I*

{¶ 13} In the first assignment of error, Bertram contends that it was error for the trial court to apply Michigan law. Bertram acknowledges that the trial court did not expressly state which law it had applied in ruling upon Norden's motion for summary judgment; however, he argues that it must be assumed that the trial court applied Michigan law in the absence of any statements otherwise.

{¶ 14} Under Michigan law snowmobile operations are regulated by MCL 324.82126. MCL 324.82126, subpart (6), states the following:

Each person who participates in the sport of snowmobiling accepts the risks associated with that sport insofar as the dangers are obvious and inherent. Those risks include, but are not limited to, injuries to persons or property that can result from variations in terrain; surface or subsurface snow or ice conditions; bare spots; rocks, trees, and other forms of natural growth or debris; or collisions with signs, fences, or other snowmobiles or snow-grooming equipment. When a snowmobile is operated in the vicinity of a railroad right-of-way, each person who participates in the sport of snowmobiling additionally assumes risks including, but not limited to, entanglement with tracks, switches, and ties and collisions with trains and other equipment and facilities.[1]

Thus, under MLC 324.82126(6) Bertram is expressly precluded by statute from recovering for his injuries as a participant in the sport of snowmobiling. See *Larson v. Bennett* (Feb. 12, 2004), Mich.App. No. 244131, 2004 WL 258196. Ohio

---

1. In April 2003, four years after this accident occurred, the Michigan legislature amended subpart (6) of MCL 324.82126 to include the following: "Those risks do not include injuries to persons or property that can result from the use of a snowmobile by another person in a careless or negligent manner likely to endanger person or property."

law, however, does not have any such specific exception for participants in the sport of snowmobiling. Therefore, the choice-of-law issue as to whether Michigan or Ohio law applies is determinative in this case.

{¶ 15} The trial court's choice of law is subject to a de novo standard of review by this court. *Callis v. Zilba* (2000), 136 Ohio App.3d 696, 698, 737 N.E.2d 974. When faced with a choice-of-law question, there is a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 246, 581 N.E.2d 533. The Ohio Supreme Court has held that "a trial court must weigh the substantial governmental interests of the states concerned in order to reach a fair and equitable result." *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 341, 15 OBR 463, 474 N.E.2d 286, citing *Fox v. Morrison Motor Freight* (1971), 25 Ohio St.2d 193, 54 O.O.2d 301, 267 N.E.2d 405. This analysis is to be done on a case-by-case basis. Id. at 340, 15 OBR 463, 474 N.E.2d 286.

{¶ 16} In determining the choice of law, the court must take into account the following factors, which are to be evaluated according to their relative importance to the case: "(1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 [of 1 Restatement of the Law 2d, Conflict of Laws 10] which the court may deem relevant to the litigation." *Morgan*, 15 Ohio St.3d at 342, 15 OBR 463, 474 N.E.2d 286. Section 6 of 1 Restatement of the Law 2d, Conflict of Laws 10, as quoted by *Morgan*, provides as follows:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of law to be applied.

{¶ 17} In the case sub judice, because the accident took place in Michigan, we must presume that Michigan law applies unless any other jurisdiction has more

substantial contacts. *Kurent,* 62 Ohio St.3d at 246, 581 N.E.2d 533. Bertram, however, contends that Ohio law should apply because all of the parties were residents of Ohio at the time of the accident and all consequences flowing from his injury occurred in Ohio. We disagree.

{¶ 18} Turning to the above factors to determine the choice-of-law question, we again note that the accident itself took place in Michigan. Additionally, the place where the conduct causing injury occurred was Michigan. Bertram, Norden, and the others all traveled to Michigan specifically to go snowmobiling. It was while they were in Michigan that the conduct causing the accident, as well as the accident itself, occurred. Thus, the first two factors weigh in favor of application of Michigan law.

{¶ 19} The third and fourth factors deal with the parties and their relationship. As argued by Bertram, all parties were residents of Ohio at the time of the accident, and, therefore, the relationship among the parties was and is located in Ohio. According to Bertram, the issue of residency is the most significant consideration, which in this case should overcome the presumption that Michigan law applies. In his argument, Bertram relies upon *Callis v. Zilba,* 136 Ohio App.3d 696, 737 N.E.2d 974, where the Sixth District Court of Appeals considered a choice-of-law question involving two Ohio residents who were involved in a motor vehicle accident in Michigan. In *Callis,* the Sixth District Court of Appeals held:

> In this case, the domicile of all the parties, the injured party, *and* the drivers of the vehicles is Ohio. These factors overcome the presumption that the law of the place where the injury occurred controls and, thus favor application of Ohio law.

(Emphasis sic.) Id. at 699, 737 N.E.2d 974. Thus, under *Callis,* Bertram asserts that because both he and Norden are residents of Ohio, the presumption that Michigan law applies should be overcome.

{¶ 20} While Bertram does cite the proper statement of the law under *Callis,* we are not bound by the court's decision in *Callis.* Additionally, the facts of *Callis* are distinguishable from Bertram's case. First, the accident involved in *Callis* was an automobile accident, as opposed to a snowmobiling accident. Again, Norden, Bertram, and the others all went to Michigan together, specifically to snowmobile. There is no indication that that was the case in *Callis.* Looking at these accidents, we find that an accident stemming from a group snowmobiling trip in this case is inherently different from the automobile accident involved in *Callis.* In other words, the parties in the *Callis* case could have just been driving their automobiles through Michigan, as opposed to the parties in this case, who had specifically traveled to Michigan to take part in the sport of snowmobiling.

{¶ 21} Additionally, Michigan is a known snowmobiling destination, and, therefore, Michigan lawmakers have taken steps to deal with the liability issues that go along with the dangers of snowmobiling. See MCL 324.82126. Accordingly, while the parties in *Callis* may have been in Michigan coincidentally when the automobile accident occurred, we cannot say that Bertram and Norden's snowmobiling in Michigan was a mere coincidence. Both parties specifically went to Michigan with the intent to snowmobile; thus, they availed themselves of the laws of that jurisdiction.

{¶ 22} Finally, we must consider the additional policy factors under Section 6 of the Restatement. Specifically, looking at subparts (b), (d), (e), (f), and (g), which include "the relevant policies of the forum" state, "the protection of justified expectations," "the basic policies underlying the particular field of law," the "certainty, predictability and uniformity of result," and the "ease in the determination and application of law to be applied," we find it important that Michigan has created a law specifically regulating the operation of snowmobiles. See MCL 324.82126. Looking at MCL 324.82126, Michigan has specifically regulated the operation and maintenance of snowmobiles, recognized certain prohibitions and prohibited conduct, and, finally, recognized a rider's own assumption of risk. Pursuant to MCL 324.82126, subpart (6), "[e]ach person who participates in the sport of snowmobiling accepts the risks associated with that sport insofar as the dangers are obvious and inherent."

{¶ 23} Thus, with the creation of MCL 324.82126, Michigan lawmakers have clearly created a public policy whereby snowmobile riders assume the risk of their behavior, essentially codifying the doctrine of primary assumption of risk, recognizing the inherent dangers in the sport of snowmobiling. Such a public policy creates a system that is certain, predictable, and uniform in its result. Additionally, MCL 324.82126 allows for ease in the determination and application of the law as it applies to snowmobiling and snowmobiling-related accidents, as well as protecting justified expectations. Ohio has not established any comparable policy with respect to snowmobiles. Accordingly, Michigan's policy concerning the sport of snowmobiling further supports a finding that Michigan law applies.

{¶ 24} Because the snowmobiling accident took place in Michigan, the place where the conduct causing Bertram's injury occurred in Michigan, and Michigan has enacted specific legislation involving the risks of snowmobiling, we find that Michigan law clearly controls in this case. While all parties are residents of and have their relationships in the state of Ohio, we are not persuaded by Bertram's argument that this issue should control.

{¶ 25} Based on the foregoing and having found that Michigan law applies, we hold that Bertram's claims are barred under MCL 324.82126, subpart (6). Accordingly, the first assignment of error is overruled.

*Assignments of Error Nos. II, III, IV, and V*

{¶ 26} In assignments of error two, three, four, and five, Bertram asserts that the trial court erred in ruling that there was insufficient evidence to sustain a cause of action for negligence and that the trial court erred in ruling that his claims were barred under the doctrines of assumption of risk, comparative negligence, and independent intervening superseding cause. Bertram bases each of these arguments on Ohio law. Thus, having found that Michigan law applies and that under Michigan law, all of Bertram's claims are barred, we find it unnecessary to address the remaining assignments of error. Pursuant to App.R. 12(A)(1)(c), assignments of error two, three, four, and five have been rendered moot.

{¶ 27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

CUPP and THOMAS F. BRYANT, JJ., concur.