OPINION
{¶ 1} Plaintiff-appellant, Chrystal Scanlon, appeals the decision of the Butler County Court of Common Pleas to direct a verdict against her in her claim against defendant-appellee, Terry Pfaller, for injuries she sustained while riding as a passenger on a motorized personal watercraft on a Kentucky lake.[1]
 {¶ 2} Appellant testified that in 2000 she sustained a fractured pelvis when Pfaller, the operator of the personal watercraft, "whipped" the steering mechanism of the "waverunner," throwing Pfaller and appellant off the vehicle. Appellant testified that her injuries occurred when she landed on the vehicle as she was falling into the water. The trial court directed a verdict in favor of Pfaller after appellant presented her case. Appellant presents one assignment of error on appeal.
 {¶ 3} "The Trial Court erred in Granting the Defendant's Motion for Directed Verdict."
 {¶ 4} Appellant argues that a directed verdict was not proper because Kentucky substantive law applies to the case, and the record supported the allegation that Pfaller operated her watercraft in a negligent manner under Kentucky law.
 {¶ 5} A choice of law question is reviewed by the appellate court de novo.[2] Callis v. Zilba (2000),136 Ohio App.3d 696, 698. When faced with a choice of law question, there is a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. Morgan v. Biro Mfg. Co. (1984),15 Ohio St.3d 339, 341-342.
 {¶ 6} In determining the choice of law, the court must take into account the following factors: the place of the injury; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation, and place of business of the parties; the place where the relationship between the parties, if any, is located; and any factors under Section 6 of Restatement of the Law 2d, Conflict of Laws 10, which the court may deem relevant to the litigation. Id.; Bertram v. Norden, 159 Ohio App.3d 171, 176-178,2004-Ohio-6044.[3]
 {¶ 7} A review of this case and the factors noted above indicates that the accident and injury occurred in Kentucky, and the relationship between the parties, both Ohio residents, began when they attended a houseboat outing in Kentucky. Further, Kentucky has a substantial governmental interest in the conduct of those individuals who participate in activities on the land and waters of the commonwealth. Accordingly, application of substantive Kentucky law is appropriate in this case.
 {¶ 8} The record further shows that the trial court in the case at bar directed a verdict for the operator of the watercraft, ruling that "there has been no evidence presented from which a reasonable jury could find that the defendant breached any duty to plaintiff [appellant] nor operated her watercraft in a negligent manner. Finding that a reasonable jury could only find in favor of the defendant, the Court granted the motion for a directed verdict."
 {¶ 9} We cannot ascertain from the record whether the trial court applied Ohio or Kentucky substantive law. Appellant argued to the trial court in its response to a pre-trial motion in limine that the choice of law should be Kentucky because the accident and injury occurred there, but the record is silent regarding the trial court's application.
 {¶ 10} We note that the parties and the trial judge held a bench conference at the close of appellant's case. A notation in the transcript indicated that the bench conference could not be transcribed because no one was speaking into the microphones.
 {¶ 11} The duty to provide a transcript for appellate review falls upon the appellant because appellant bears the burden of showing error by reference to matters in the record. Knapp v.Laboratories (1980), 61 Ohio St.2d 197, 199; App.R. 9. Appellant has not sought to supplement the record in accordance with App. R. 9(C) or (D).
 {¶ 12} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings. Knapp.
 {¶ 13} Since it cannot be ascertained whether the parties and the trial court discussed the substantive law to be applied at that bench conference, without transcription or supplement, we must presume that the motion for a directed verdict was properly discussed and that the trial court applied Kentucky substantive law.
 {¶ 14} A negligence action requires proof of the following four elements: duty, breach of duty, causal connection between the conduct and the resulting injury, and actual loss or damage.Mapother and Mapother, P.S.C. v. Douglas (Ky. 1988),750 S.W.2d 430, 431.
 {¶ 15} Appellant testified at trial that she asked Pfaller if she could ride with her on the waverunner. She testified that she was holding onto Pfaller's waist as they crossed the lake, doing "360s," and that Pfaller suddenly "whipped the wheel" and they went into a spin, whereby appellant flew into the air and landed back on the waverunner.
 {¶ 16} On cross-examination, Pfaller's counsel used appellant's 2001 deposition, and asked her whether she recalled that she had stated in the deposition that she did not have any "understanding of why [she] went off the waverunner," and appellant agreed that her answer to that question was "no."
 {¶ 17} Appellant's attorney asked appellant on redirect to reiterate for the jury how the accident occurred. Her counsel asked appellant to comment on whether she had changed her testimony from the deposition to trial and appellant responded that she had not. No other portion of the transcript was discussed at trial.
 {¶ 18} On further cross-examination, Pfaller's counsel referred again to appellant's 2001 deposition, and asked appellant on the stand, "[Y]ou don't know why you left the waverunner, do you?" Appellant's response was, "Not exactly."
 {¶ 19} A trial court's decision granting a motion for directed verdict presents a question of law, which an appellate court also reviews de novo. Schafer v. RMS Realty (2000),138 Ohio App.3d 244, 257. On a motion for a directed verdict, construing the evidence most strongly in favor of the party against whom the motion is directed, a trial court shall sustain the motion if it finds upon any determinative issue that reasonable minds could come to but one conclusion upon the evidence and that conclusion is adverse to such party. Civ. R. 50(A)(4). When the party opposing the motion has failed to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate. Hargrove v. Tanner
(1990), 66 Ohio App.3d 693, 695.
 {¶ 20} Construing the evidence most favorably for appellant on Pfaller's motion for a directed verdict, reasonable minds could come to but one conclusion and that conclusion is adverse to appellant. A fundamental principle of negligence is that there is no liability without fault. M T Chemicals, Inc. v.Westrick (Ky. 1974), 525 S.W.2d 740, 741 (every person owes a duty to every other person to exercise ordinary care in his activities to prevent any foreseeable injury from occurring to such other person; actionable negligence consists of a duty, a violation thereof, and consequent injury, and the absence of any one of the three elements is fatal to the claim). Id.
 {¶ 21} While appellant used her trial testimony to introduce the suggestion that Pfaller's operation of the watercraft caused her injury, a jury may not be permitted to reach a verdict based on mere speculation or conjecture. Gibbs v. Wickersham (Ky.App. 2004), 133 S.W.3d 494, 496.[4]
 {¶ 22} Appellant failed to present evidence on all of the elements of an actionable negligence claim. The trial court did not err in granting Pfaller's motion for a directed verdict. Appellant's assignment of error is overruled.
 {¶ 23} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] Although defendant-appellee's name is spelled differently in court documents in the record, we use this spelling for this opinion.
[2] Appellant utilizes Ohio law in arguing the choice of law principles, and we agree that it is proper to use Ohio law to determine the choice of law matter, and further, as the forum state, Ohio's procedural law will be applied. See Mickel v.Lovelady (Aug. 31, 1984), Lucas App. No. L-83-415, footnote 2 (court having jurisdiction must look to its own state's choice of law principles); see, also, Lawson v. Valve-Trol Co. (1991),81 Ohio App.3d 1, 4 (law of forum is used for procedural matters).
[3] {¶ a.} Section 6 of 1 Restatement of the Law 2d, Conflict of Laws 10, as quoted by Morgan, provides as follows:
{¶ b.} (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
{¶ c.} (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
{¶ d.} (a) the needs of the interstate and international systems,
{¶ e.} (b) the relevant policies of the forum,
{¶ f.} (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
{¶ g.} (d) the protection of justified expectations,
{¶ h.} (e) the basic policies underlying the particular field of law,
{¶ i.} (f) certainty, predictability and uniformity of result, and
{¶ j.} (g) ease in the determination and application of law to be applied.
[4] We do not accept appellant's argument that the trial court applied assumption of the risk principles at bar, when the trial court made no mention of assumption of the risk on the record.