DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which granted the motions for summary judgment filed by appellees, Erie Insurance Group ("Erie"), Progressive Max Insurance Group *Page 2 
("Progressive Max"), Progressive Preferred Insurance Company ("PPIC"), Allstate Insurance Company ("Allstate"), Mouch Insurance Associates, Inc. ("Mouch"), J.T. McMahon Agency ("McMahon"), Jeffrey J. Perkins, and Shindler, Neff, Holmes, Schlageter Mohler, L.L.P. ("SNHS M "); denied the motion for summary judgment filed by appellants, Cindy Abbo, Khalid Abbo, Mary Hassan, and Saad Abbo; and dismissed appellants' causes of action. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellants, all Ohio residents, were involved in an automobile collision on April 13, 2002, in Michigan. Cindy Abbo, Khalid Abbo, and Hassan were passengers in a vehicle owned by M. Mathewson; and Saad Abbo was a pedestrian at the time of the collision, having just exited the Mathewson vehicle. The Mathewson vehicle was parked off the side of the road and a vehicle driven and occupied by the Ahoon Family, Cyriacus, Jocelyn, Allister, and Charlene, was parked behind it. The tortfeasor in this action, Florica Ghinga, also an Ohio resident, struck the Ahoon vehicle from behind, forcing it into the Mathewson vehicle. Saad Abbo, who was standing next to the Ahoon vehicle, ostensibly to give them directions, was also struck and projected onto the interstate. The Ahoons, residents of Massachusetts, were found not to be at fault for the collision and were not made parties to this action.
 {¶ 3} Ghinga had liability insurance through PPIC. As occupants of the Mathewson vehicle, appellants were insured under Mathewson's policy with Erie. Hassan was also insured by Erie, individually, pursuant to her own policy of insurance; *Page 3 
Cindy and Khalid Abbo were insured by Allstate; and Saad Abbo was insured by Progressive Max. Mouch was the agent for each Erie policy; and McMahon was the agent for Saad Abbo's policy with Progressive Max. All policies of insurance were contracted for in the state of Ohio.
 {¶ 4} On April 9, 2004, appellants sued: (1) Perkins and SNHS M, alleging professional malpractice, including, failure to advise appellants to make a claim, or to do so on their behalf, for Personal Injury Protection ("PIP") benefits, pursuant to Michigan Compiled Laws ("MCL") 500.3105(1); (2) Ghinga[1] for personal injuries and loss of consortium, resulting from the collision; (3) Erie, Allstate, and Progressive Max for medical payments, PIP benefits, uninsured/underinsured motorists ("UM/UIM") coverage, and for failure to act in good faith; and (4) Mouch and McMahon, both independent insurance agents, for failing to inform appellants of the available coverage under their insurance polices, and for failing to make claims for coverage on appellants' behalf.
 {¶ 5} On March 18, 2005, the trial court ruled on the parties' motions for summary judgment regarding the issue of choice-of-law. Initially, the trial court held that the appellee insurers had not waived their right to argue that Ohio law applies. The trial court then determined that there was no express choice-of-law provision in any of the policies, and that the policies' provisions regarding "out-of-state coverage" were not *Page 4 
choice-of-law provisions. The trial court held that whether appellants' cause of action sounded in contract or tort, Ohio law applied.
 {¶ 6} Having determined that Ohio law applies in this case, and that Ohio law does not provide for PIP benefits, the trial court granted the motions for summary judgment filed by Erie, Allstate, PPIC, and Progressive Max, and held that appellants were not entitled to PIP benefits from these insureds. The trial court additionally held that, because appellants were not entitled to PIP benefits, Perkins, SNHS M, McMahon, and Mooch did not breach any alleged duty to appellants to seek PIP benefits on their behalf, and dismissed appellants' causes of action against these appellees.[2] Having been told by the parties that appellants' claims against Allstate, Erie, PPIC, and Progressive Max for medical payments coverage and UM/UIM coverage were settled, the trial court dismissed the remainder of appellants' claims on April 5, 2006, with prejudice.
 {¶ 7} Appellants' complaint having been dismissed and finally adjudicated, appellants appealed the decisions of the trial court and raise the following assignments of error:
 {¶ 8} "A. The trial court erred in granting summary judgment to defendants ruling that under Ohio contractual law and Michigan statutory law, plaintiffs were not entitled to their PIP claim benefits. *Page 5 
 {¶ 9} "B. The trial court erred in ruling that Erie and Progressive Insurance Company did not waive their right to argue and preclude the payment of PIP benefits.
 {¶ 10} "C. The trial court erred in not allowing discovery prior to ruling on defendants' motions for summary judgment.
 {¶ 11} "D. The trial court erred in granting defendants' motion for summary judgment on behalf of defendant insurance agents in denying plaintiffs' claims of breach of fiduciary duty.
 {¶ 12} "E. The trial court erred in granting defendants' motion for summary judgment on behalf of defendants Perkins and Shindler, Neff, Holmes, Schlageter Mohler."
 {¶ 13} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 14} Appellants argue in their first assignment of error that the trial court erred in holding that, under Ohio contractual law and Michigan statutory law, appellants were not entitled to PIP benefits[3] in addition to the UM/UIM and/or medical payments they *Page 6 
received. Specifically, appellants argue that the out-of-state coverage provisions[4] of their insurance contracts, and M.C.L. 500.3105, entitle them to PIP benefits. We disagree. *Page 7 
 {¶ 15} Appellants and the tortfeasor all lived in Ohio and all parties contracted for insurance coverage in Ohio. Appellants agree that Ohio law applies to the provisions of their insurance contracts in this case. Additionally, we concur with the trial court that Ohio law applies to the underlying tort aspects of this case. See Callis v. Zilba (2000),136 Ohio App.3d 696, 699, (the fact that all of the parties lived in Ohio overcomes the presumption that the law of the place where the injury occurred controls.)
 {¶ 16} The function of "Out of State Coverage" provisions is to assure "the policyholder that he or she may drive an insured vehicle into states that may require higher levels of liability insurance without violating those states' financial responsibility laws." (Emphasis in original.) Ohayon v. Safeco Ins. Co. of Illinois (2001),91 Ohio St.3d 474, 485. Assuming arguendo that the out-of-state coverage provisions would typically entitle appellants to recover PIP benefits for injuries sustained in a Michigan collision, we nevertheless find that this case is entirely governed by Ohio law, and that Ohio law simply does not provide for or require the payment of PIP benefits. *Page 8 
Accordingly, we find that there are no genuine issues of material fact and that the insurance companies are entitled to judgment as a matter of law. Appellants' first assignment of error is therefore found not well-taken.
 {¶ 17} In their second assignment of error, appellants argue that the trial court erred in ruling that Erie and Progressive Max had not waived their rights to assert that they were not required to provide PIP benefits. Progressive Max, on August 20, 2004, paid the Ohio Department of Job and Family Services ("ODJFS") $100,000 in payment of its subrogation claim for reimbursement of medical bills paid on behalf of Saad Abbo. Erie also tendered medical payments on behalf of Hassan and Cindy Abbo. Appellants allege that Erie and Progressive Max made these payments pursuant to the PIP benefits coverage provided by the policies and failed to notify appellants or reserve their rights to defend appellants' claims for PIP benefits at a later time. As such, appellants argue that Erie and Progressive are precluded from arguing that appellants are not entitled to PIP benefits. We disagree.
 {¶ 18} "The existence of waiver or estoppel depends on the facts and circumstances of each case." Leader Natl. Ins. Co. v. Eaton (1997),119 Ohio App.3d 688, 692, citing Hounshell v. Am. States Ins. Co. (1981), 67 Ohio St.2d 427. In Leader, the court held that payment of a claim by an insurer, with knowledge of a potential defense against coverage and without any reservation of rights, waived the defense. The doctrine of waiver also has been held to apply "when the insurer, by its acts or declarations, evidences a recognition of liability under the policy, and the evidence *Page 9 
reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract." Hounshell, supra at 431. However, the Ohio Supreme Court has held that, generally, "the doctrine of waiver cannot be employed to expand the coverage of a policy." Hybud Equip. Corp. v.Sphere Drake Ins. Co., Ltd. (1992), 64 Ohio St.3d 657, 668.
 {¶ 19} In this case, Erie and Progressive Max tendered payments on behalf of and to appellants pursuant to the terms of their policies, eventually settling appellants' claims for UM/UIM coverage in full. Appellants assert that the payments from Erie and Progressive Max were paid pursuant to the insurers' obligations to provide PIP benefits; however, we find that this assertion is not supported by the record. To the contrary, PIP benefits only provide a maximum of $5,000 in medical expenses, M.C.L. 500.3107, whereas Progressive Max paid $100,000 to ODJFS. Additionally, correspondence between appellants' counsel and Erie's counsel expressly indicates that payments were made pursuant to the terms of UM/UIM coverage. We further find that because Ohio law applies in this case, awarding PIP benefits to appellants would expand the coverage of the policies beyond the terms provided.
 {¶ 20} Accordingly, we find that appellants failed to establish that Erie and Progressive Max waived their rights to deny appellants' claims for PIP benefits. We further find that the trial court did not err by allowing Erie and Progressive Max to pursue a defense. Appellants' second assignment of error is therefore found not well-taken. *Page 10 
 {¶ 21} Appellants argue in their third assignment of error that the trial court erred in not allowing discovery prior to ruling on appellees' motions for summary judgment. Specifically, appellants argue that they were denied necessary discovery for purposes of responding to appellees' motions for summary judgment regarding PIP benefits, legal malpractice, and breach of fiduciary duty for insurance agents.
 {¶ 22} The law is well-settled that a trial court has broad discretion in controlling the discovery process, and that, absent an abuse of discretion, an appellate court may not overturn a trial court's ruling regarding discovery matters. Radovanic v. Cossler (2000),140 Ohio App.3d 208, 213. "Abuse of discretion" suggests more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 23} On September 8, 2004, the trial court granted Erie's and Allstate's motions to bifurcate the proceedings, to stay discovery, and for protective order regarding appellants' claims of bad faith. On October 31, 2005, appellants filed a motion to vacate the trial court's protective order on the basis that it prohibited them from conducting necessary discovery. In its December 15, 2005 judgment entry, the trial court denied appellants' motion and held that the protective order applied "only as to the claim of bad faith," did not otherwise limit or halt discovery, and "did not preclude [appellants] from pursuing discovery on all other claims."
 {¶ 24} In particular, with respect to the choice-of-law motions, the trial court held that they presented an issue of law and that no further evidence was required for the court *Page 11 
to determine that issue. Regarding McMahon's and Mouch's motions for summary judgment concerning breach of fiduciary duty, the trial court held that: (1) the existence of a fiduciary duty is a question of law to be decided by the trial court, and there was sufficient evidence before the court to make such a determination; (2) further discovery would not produce any set of facts that would change the duty owed; and (3) "an examination of the docket does not show any attempt by Plaintiffs to obtain written discovery or deposition testimony from either McMahon or Mouch at any time during the pendency of this action for any of the claims that Plaintiffs have alleged against them." With respect to appellants' malpractice action, which alleged a failure to pursue PIP benefits on appellants' behalf, the trial court held that appellants were denied PIP benefits due to an analysis of the policies and Ohio law, and not due to any alleged breach of duty. Thus, further discovery of factual issues regarding appellants' malpractice claims would not yield any evidence that could change the determination of Perkins and SNHS M's motion for summary judgment.
 {¶ 25} Based on our review of the record, we find that the trial court did not limit appellants' ability to conduct discovery regarding the issues decided pursuant to summary judgment. We also find that the trial court did not abuse its discretion in finding that appellants' allegation, that they were unable to conduct discovery, was without merit. Moreover, we agree with the trial court that the determinations regarding choice-of-law, entitlement to PIP benefits, malpractice, and breach of duty, would not be affected by *Page 12 
disclosure of the contents of the insurers' files. We therefore find appellants' third assignment of error not well-taken.
 {¶ 26} Appellants argue in their fourth assignment of error that the trial court erred in granting McMahon's and Mouch's motions for summary judgment and in denying plaintiffs' claims of breach of fiduciary duty. In this case, appellants asserted that McMahon and Mouch breached their duty to appellants by failing to inform them of the availability of PIP benefits coverage under their insurance polices, and for failing to make claims for PIP benefits on their behalf. Additionally, appellants argue that the trial court erred in granting McMahon's and Mouch's motions for summary judgment because "[t]here has been no discovery in this case either supporting or discounting Plaintiffs' claims for breach of fiduciary duty and/or failure to inform Plaintiffs of their rights under the insurance contract."
 {¶ 27} Initially we note that appellants' argument regarding a lack of discovery is without merit. As discussed above, appellants never requested discovery from McMahon or Mouch. Moreover, we find that any additional evidence would not change the fact that McMahon and Mouch are entitled to summary judgment as a matter of law.
 {¶ 28} In Ohio, an insurance agent's duty to his client is to exercise good faith and reasonable diligence in undertaking to acquire insurance coverage. Damon's Missouri, Inc. v. Davis (1992), 63 Ohio St.3d 605,609, fn. 2, citing First Catholic Slovak v. Buckeye Union Ins. Co.
(1986), 27 Ohio App.3d 169, 170. See, also, Slovak v. Adams (2001),141 Ohio App.3d 838, 845. Based on the nature of appellants' claims, we find *Page 13 
that appellants failed to establish (1) that McMahon or Mouch owed appellants a duty to notify them concerning the availability of PIP benefits, or to make claims on their behalf; and (2) that appellants suffered damages as a proximate result of the alleged breaches of duty.
 {¶ 29} McMahon's and Mouch's alleged breaches of duty did not cause appellants to be denied PIP benefits. Rather, appellants were denied PIP benefits because, pursuant to Ohio law and the terms of their policies, they were not entitled to such coverage. Accordingly, we find that McMahon and Mouch were entitled to summary judgment as a matter of law. Appellants' fourth assignment of error is found not well-taken.
 {¶ 30} Appellants argue in their fifth assignment of error that the trial court erred in granting Perkins and SNHS M's motion for summary judgment. Appellants assert that Perkins and SNHS M committed legal malpractice by failing to pursue and obtain PIP benefits on appellants' behalf.
 {¶ 31} In Ohio, as set forth by the Ohio Supreme Court in Vahila v.Hall (1997), 77 Ohio St.3d 421, syllabus, in order to establish a cause of action for legal malpractice based upon negligent representation, appellants must demonstrate:
 {¶ 32} "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Page 14 
 {¶ 33} Having found that appellants were not entitled to receive PIP benefits pursuant to the insurance policies in this case, we find that appellants failed to establish that Perkins' and SNHS M's representation was deficient. As we held above, appellants were denied PIP benefits because, pursuant to Ohio law and the terms of their policies, they were not entitled to such coverage. Appellants were not denied coverage due to any alleged breach of duty. Accordingly, we find that Perkins and SNHS M were entitled to summary judgment as a matter of law. Appellants' fifth assignment of error is found not well-taken.
 {¶ 34} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 15 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] All claims against Ghinga were fully settled and dismissed on December 27, 2004. Ghinga is not a party to this appeal.
[2] The trial court's decision dismissing appellants' claims were contained in a series of opinions and judgment entries, journalized on December 19, 2005 and April 5, 2006.
[3] M.C.L. 500.3105(1) provides that under a policy for personal protection insurance, an insurer is liable to pay benefits for accidental bodily injury, arising out of the ownership, operation, maintenance or use of a motor vehicle, without regard to fault. PIP benefits are payable for medical expenses, totaling not less than $1,750 or more than $5,000; lost wages; and incidental living expenses, not to exceed $20 per day. M.C.L. 500.3107.
[4] The out-of-state coverage provisions in the Progressive and Erie policies, relied upon by appellants, are as follows. Progressive Max states under the "Liability to Others" portion of its policy:
"OUT-OF-STATE COVERAGE
"If an accident to which this Part I applies occurs in any state or province other than the one in which a covered vehicle is principally garaged, and the state or province has:
"1. a financial responsibility or similar law requiring limits of liability for bodily injury or property damage higher than the Limits shown on the Declarations Page, this policy will provide the higher limit; or
"2. a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses a vehicle in that state or province, this policy will provide:
"a. the required minimum amounts and types of coverage; or
"b. any higher limit you have elected, provided you have paid the premium for higher limits."
Erie states under the liability portion of the Ohio endorsement section of its policies:
"EXTRA PROTECTION WHEN TEMPORARILY OUT OF STATE
"Anyone we protect may become subject to the financial responsibility law, compulsory insurance law, or similar law of another state or Canada. This can happen because of the ownership, maintenance or use of an auto we insure when anyone we protect travels in other states. If, under the provisions of the Motor Vehicle Financial Responsibility Law, or the Motor Vehicle Compulsory Insurance Law or any other similar law of any state or province, a nonresident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by this policy, the limits of our liability shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province; provided that the insurance under this provision shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss. For this section, state includes the District of Columbia, a territory or possession of the United States of America, Puerto Rico or a Province of Canada." *Page 1