OPINION
{¶ 1} Plaintiffs-appellants, Wallace and Eva Rockwood, appeal the decision of the Butler County Court of Common Pleas to deny their motion for a directed verdict on their negligence action against defendant-appellee, West Chester Nursing and Rehabilitation *Page 2 
Residence, LLC ("care facility").[1]
 {¶ 2} Rockwood filed his complaint, requesting damages for injuries he claims were caused by the negligence of employees of the care facility. At trial, evidence was provided that Rockwood was admitted to the care facility for rehabilitation following heart surgery. On the third day of his residency, Rockwood was found on the floor of his room next to a toppled wheelchair. Rockwood sustained a broken hip and was removed to a hospital for surgery.
 {¶ 3} Considerable testimony was provided in reference to the care facility employees leaving Rockwood in an unlocked wheelchair and whether Rockwood's assistance call light was accessible to him when he was sitting in his wheelchair in his room on the morning at issue. Rockwood told the jury that a nurse's assistant brought him back to his room from breakfast and did not give him the assistance call light. Rockwood had no recollection of the visit from the last nurse to stop in his room before he was found on the floor. The nurse in question could not recall her actions regarding the assistance call light when she talked with him mid-morning, but could only testify as to her custom of putting the call light within reach.
 {¶ 4} Rockwood provided the testimony of another nurse, who was the individual who discovered him on the floor. This nurse testified that she recalled seeing the call light hanging from the wall and this call light was not accessible from the location where Rockwood was found. Even though Rockwood was also unable to recall the events that precipitated his fall, the nurse who discovered him noted in his chart that he told her he was attempting to stand when he fell. Rockwood also provided the emergency room records where he was taken after the fall and in those records was a notation that Rockwood indicated that he was going to the bathroom and fell. *Page 3 
 {¶ 5} After the presentation of evidence from both parties, Rockwood moved for a directed verdict as to "liability only on the basis that given the admittedly circumstantial evidence of where the call light was at the time that he fell and the expert testimony from both our experts and coincidentally their experts that if the call light is not in reach, it's below the standard, period. There's no reasonable basis for this jury to return a verdict for anybody other than the plaintiff, so on that basis I would move for a directed verdict."
 {¶ 6} The trial court denied the motion for a directed verdict and all issues were given to the jury for its determination. The jury returned a verdict for the care facility. Rockwood asserts in his single assignment of error on appeal that the trial court erred in denying his motion for a directed verdict.
 {¶ 7} The standard for granting a directed verdict is set forth in Civ.R. 50(A)(4) which provides: "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 8} If reasonable minds could come to more than one conclusion as to the evidence presented, then a trial court should permit the issue to go to the jury. White v. Ohio Dept. of Transp. (1990), 56 Ohio St.3d 39,45; Smith v. Conrad, Clinton App. No. CA2002-09-036, 2004-Ohio-2075, ¶ 7.
 {¶ 9} A motion for a directed verdict tests the legal sufficiency of the evidence presented, not its weight or the credibility of witnesses.Clark v. Dolence, Lake App. No. 2007-L-027, 2007-Ohio-5622, ¶ 11. A reviewing court must conduct a de novo review of the trial court's judgment, and like the trial court, must construe the evidence most strongly in favor of the party against whom the motion is directed. Id.; see, Scanlon v. Pfaller, Butler *Page 4 
App. No. CA2005-05-110, 2006-Ohio-2022, ¶ 19. Where there is substantial competent evidence favoring the nonmoving party so that reasonable minds might reach different conclusions, it is inappropriate to grant the motion for a directed verdict. Ramage v. Cent. Ohio Emergency Serv.,Inc., 64 Ohio St.3d 97, 109, 1992-Ohio-109.
 {¶ 10} Rockwood asked for a directed verdict on the issue of liability based on the location of and lack of access to the assistance call light. After reviewing the record, and construing the evidence regarding the call light most favorably for the care facility, we find that reasonable minds could reach different conclusions on whether the care facility employees breached the prevailing standard of care in reference to the call light and whether that breach was the proximate cause of Rockwood's injury. See Berdyck v.Shinde, 66 Ohio St.3d 573, 580-581,1993-Ohio-183 (in a negligence action involving the professional skill and judgment of a nurse, expert testimony must be presented to establish (1) the prevailing standard of care; (2) a breach of that standard; and (3) that the nurse's negligence was the proximate cause of the patient's injury; however, in a negligence action involving conduct within the common knowledge and experience of jurors, expert testimony is not required).
 {¶ 11} Accordingly, a directed verdict based upon the location of the call light was not appropriate. Rockwood's single assignment of error is overruled.
 {¶ 12} Judgment affirmed.
YOUNG, P.J., and BRESSLER, J., concur.
[1] Eva Rockwood's claim as spouse of Wallace Rockwood is for loss of consortium. We will use "Rockwood" in this opinion to refer to Wallace Rockwood. In addition, the complaint included as a defendant, Care Centers of Ohio, LLC. At the time of the verdict, only West Chester Nursing and Rehabilitation Residence, LLC was listed as a defendant. *Page 1